UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEOVANTE L. GUY, by and through Guardian Ad Litem for Deovante Guy, QUINTASIA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW LORENZEN, an individual; ANNIE BRADY, an individual; and THE CITY OF SAN DIEGO, a governmental entity,<br><br>Defendants. | Case No.: 20cv2027-BAS(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER APPROVING PARTIAL SETTLEMENT** |

On November 20, 2020, Plaintiff Deovante L. Guy ("Plaintiff"), by and through his guardian *ad litem*, Defendant Annie Brady ("Defendant Brady"), and Defendants Lorenzen, City of San Diego, and San Diego Police Department filed a Joint Motion for a Determination of Good Faith Settlement.  ECF No. 7.  The parties explain that Defendant Brady and Plaintiff have agreed to settle this case as to Defendant Brady for a payment of $100,000.00.  Id. at 2-3.  All of the parties recommend that the Court approve this settlement because the payment constitutes the policy limit of Defendant Brady's insurance coverage, Defendant Brady does not have the financial ability to contribute further to the settlement, and the settlement is within the "'ballpark' of Defendant [Brady's] proportionate liability and was entered into in good faith within the standards set forth in California Code of Civil Procedure § 877.6 and Tech-Bilt v. Woodward-Clyde & Associates, (1958) 38 Cal.3d 488. [sic] Schmid v. Superior Court (1988) 205 Cal.App.3d 1244, 1248." Id.

1

After reviewing the motion, the Court issued an order requiring supplemental briefing to enable it to perform its duty of evaluating whether the settlement funds were being handled in a fair and reasonable manner to benefit the incompetent plaintiff, Deovante Guy.  ECF No. 9; Civ. L.R. 17.1.a.  In response, Plaintiff filed a Statement in Support of Approval of Good Faith Settlement with a supporting declaration from the guardian *ad litem*, Quintasia Walker ("GAL Walker").  ECF No. 10.  Plaintiff reiterates the previously-stated reasons why the proposed $100,000 settlement is a good faith settlement that should be approved by the Court.  Id. at 3.  Plaintiff also asserts that the liability against Defendant Brady is "not at all a certainty" and that "the overwhelming responsibility" for Plaintiff's injuries belong to the other defendants.  Id.  With regard to the issue of the manner of distribution of the funds, GAL Walker asks the Court to delay making the required determination that the settlement funds are being handled in a fair and reasonable way.  ECF No. 10 at 4.  Ms. Walker explains that Plaintiff was severely injured by the actions of the defendants, remains "bedridden with severe cognitive defects," and likely will require extensive future medical treatment, therapy, and care.  ECF No. 10-1, Declaration of Quintasia Walker, Guardian Ad Litem for Plaintiff Deovante Guy ("Walker Decl."), at ¶¶ 2-9.  Because the majority of the Plaintiff's claims remain at issue and because Plaintiff's damages dramatically exceed the insurance policy limits, Plaintiff asks the Court to defer approval of the distribution of the proposed settlement funds and to authorize the insurance proceeds to be deposited into an "interest bearing trust account or money market account with interest."  Id. at 4.  Plaintiff states that after the entire case is resolved, Plaintiff will file a "Petition for Approval and Distribution, supported by Special Needs Trust and Proposed Special Needs Trustee."  Id.

Defendants Lorenzen and the City of San Diego ("City Defendants") filed a response to Plaintiff's supplemental filing.  ECF No. 11.  City Defendants reiterate that they support the Court's finding of good faith under the Tech-Bilt standard based on "Defendant Annie Brady's stated insurance policy limits and insolvency" and the fact that a "pursuit of a contribution or indemnity claim would be fruitless."  Id. at 1-3.  However, City Defendants note that they "adamantly disagree" with Plaintiff's claims that the "overwhelming responsibility" of Plaintiff's injuries rests with Defendants Lorenzen and the City of San Diego.  Id.  City Defendants state

that they do not waive their rights to "request a setoff against the total recoverable damages or to request that the jury make an apportionment determination (including an allocation as to Defendant Brady) for purposes of awarding damages at trial." Id.

Under California Code of Civil Procedure section 877, "[w]here a release ... is given in good faith before . . . judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights," the release shall "reduce the claims against the others in the amount stipulated by the release" and "discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(a), (b). To obtain a determination that it reached a settlement in good faith, "a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement." Id. § 877.6(a)(2). Further, a "plaintiff's claims for damages are not determinative in finding good faith; rather, the court is called upon to make a 'rough approximation' of what the plaintiff would actually recover." West v. Superior Ct., 27 Cal. App. 4th 1625, 1636 (1994) (internal citation omitted).

To determine whether a settlement has been made in good faith, the Court considers the factors set out in Tech-Bilt including: (1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (4) the allocation of settlement proceeds among plaintiffs; (5) the settling party's financial condition and the availability of insurance; and (6) evidence of any collusion, fraud or tortious fraud between the settlor and the plaintiffs aimed at requiring the non-settling parties to pay more than their fair share. Tech-Bilt, 38 Cal. 3d at 499; see also Mason & Dixon, 632 F.3d at 1064. The Court's determination must be based on the information available at the time of settlement. Tech-Bilt, 38 Cal. 3d at 499.

A court must only weigh the Tech–Bilt factors when the good-faith nature of a settlement is disputed. Marine Grp., LLC v. Marine Travelift, Inc., 2013 WL 416407, at *4 (S.D. Cal. Jan.30, 2013) (citing City of Grand Terrace v. Super. Ct., 192 Cal.App.2d 1251, 1261 (1987)). In the

absence of a dispute, a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." Id. Here, the Parties filed a joint motion for a determination of a good faith settlement. ECF No. 7. As there is no objection to the good-faith nature of the settlement, the Court does not deem it necessary to engage in a comprehensive Tech-Bilt analysis.  The Court notes that City Defendants objected to Plaintiff's claims that the majority of Plaintiff's injuries rests with Defendants Lorenzen and the City of San Diego. ECF No. 11 at 1-3.  However, City Defendants also stated that it would prove fruitless to pursue a claim for contribution or indemnity from Defendant Brady in light of her insolvency and insurance policy limit. Id.  Under California law, when a "'claimant's damages are obviously great . . . a disproportionately low settlement figure is often reasonable in the case of a relatively insolvent, and uninsured, or underinsured, joint tortfeasor.'" Fed. Deposit Ins. Corp. v. Dellen, No. CV 10-4915 DSF, 2012 WL 12887408, at *3 (C.D. Cal. Oct. 30, 2012) (quoting Tech-Bilt, 38 Cal. 3d at 499); see GATX/Airlog Co. v. Evergreen Int'l Airlines, Inc., No. C 96-2494 CW, 2000 WL 36741015, at *4 (N.D. Cal. Aug. 4, 2000) (finding that a settlement was reached in good faith when the settling party did not have sufficient funds to satisfy a larger judgment against it); see also Lewis v. Russell, No. 2:03-CV-02646 WBS AC, 2019 WL 5260731, at *4 (E.D. Cal. Oct. 17, 2019) (finding that the parties sufficiently analyzed the fifth Tech-Bilt factor by evaluating their available insurance policy limits and financial conditions); see also Cnty. of L.A. v. Guerreo, 209 Cal. App. 3d 1149, 1157-58 (1989) (finding that a settling defendant's modest financial condition and insurance policy limits are necessarily controlling and effectively override the other Tech-Bilt factors).  The Court has reviewed the terms of the settlement and, in light of Defendant Brady's financial status, is satisfied that the settlement is made in good faith.  Cal. Civ. Proc. Code § 877.  There is no evidence of collusion or fraud, and the amount to be paid by Defendant Brady under the settlement agreement is reasonable.

District courts have a special duty to protect the interests of incompetent and minor

plaintiffs. See Fed. R. Civ. P. 17(c)[1]; Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). This inquiry should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recover in similar cases." Robidoux, 638 F.3d at 1181-82. Though the Robidoux court's decision involved a settlement for a minor, courts have applied the Robidoux inquiry to cases involving settlement approval for incompetents. Mugglebee v. Allstate Ins. Co., No. 14-CV-2474 JLS (JMA), 2018 WL 1410718, at *2 (S.D. Cal. Mar. 21, 2018); see, e.g., Smith v. City of Stockton, 185 F. Supp. 3d 1242, 1243 (E.D. Cal. 2016); see, e.g., Banuelos v. City of San Bernardino, No. EDCV 13-736-GW(DTBX), 2018 WL 6131190, at *2 (C.D. Cal. Apr. 26, 2018). To facilitate courts within this district fulfilling the duty to safeguard, Civil Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a). This requires the Court to question if the settlement is in the best interests of the minor or incompetent and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor or incompetent. In light of the partial settlement, status of the ongoing litigation, and Plaintiff's medical needs, the Court finds that Plaintiff's proposal to delay distribution of the settlement proceeds is in the best interest of Mr. Guy.

---

[1] Rule 17(c) requires a district court to appoint a guardian *ad litem* to protect an incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c).

Accordingly, the Court **RECOMMENDS** that District Judge Bashant find that the proposed $100,000 settlement between Plaintiff and Defendant Brady is made in good faith and approve the settlement. The Court also **RECOMMENDS** that District Judge Bashant approve the following settlement procedure:

1. Plaintiff's counsel, attorney Tanisha Bostick, must deposit the entire $100,000 settlement payment in an interest-bearing account within 14 days of receiving the payment;

2. Plaintiff's counsel must ensure that neither she nor anyone else withdraw any of the settlement money without the Court's approval; and

3. Within thirty days after preliminary settlement with the remaining Defendants or resolution of the remaining claims, Plaintiff's counsel must file a motion seeking approval of the proposed settlement in accordance with Local Rule 17.1., California Probate Code section 3600, *et seq.*, and related case law.

This Court further **RECOMMENDS** that the parties' Joint Motion for a Determination of Good Faith Settlement be **GRANTED**.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **January 19, 2021**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 25, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: 1/11/2021

Hon. Barbara L. Major
United States Magistrate Judge