| | |
|---|---|
| 1 | Tanisha Bostick, SBN 312346 |
| 2 | BOSTICK LEGAL, APC<br>401 West A Street, Suite 1820 |
| 3 | San Diego, California 92101<br>(619) 255-7444 |
| 4 | tanisha@bosticklegal.com |
| 5 | Alvin L. Pittman, SBN 127009<br>LAW OFFICES OF ALVIN L. PITTMAN |
| 6 | 5777 W. Century Blvd., Suite 1685<br>Los Angeles, CA  90045 |
| 7 | T. (310) 337-3077<br>F. (310) 337-3080 |
| 8 | office@apittman-law.com |
| 9 | Douglas A. Oden, SBN 80482<br>ODEN & GREENE |
| 10 | 701 B Street, Suite 540<br>San Diego, CA  92101 |
| 11 | (619) 702-0800 F. (619) 702-0809<br>dodenesq@ogtlaw.com |
| 12 | |
| 13 | Attorneys for Plaintiff<br>Deovante L. Guy, by and through |
| 14 | Guardian Ad Litem for Deovante Guy,<br>Quintasia Walker, |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEOVANTE L. GUY, BY AND THROUGH GUARDIAN AD LITEM FOR DEOVANTE GUY, QUINTASIA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW LORENZEN, An Individual; ANNIE BRADY, An Individual; THE CITY OF SAN DIEGO, A governmental entity; PAUL MACINTYRE, An Individual; CHRISTOPHER SENIOR, An Individual; CORY SIMS, An Individual, and DOES 1-50, | Case No.:  3:20-CV-02027-BAS-BLM<br><br>THIRD AMENDED COMPLAINT FOR<br><br>1. UNREASONABLE SEARCH AND SEIZURE- EXCESSIVE FORCE- (Violation of Civil Rights -42 U.S.C. § 1983);<br>2. FOURTEENTH AMENDMENT-STATE CREATED DANGER ((Violation of Civil Rights -42 U.S.C. § 1983)<br>3. FOURTEENTH AMENDMENT-FAILURE TO PROTECT (Violation of Civil Rights -42 U.S.C. § 1983)<br>4. FOURTEENTH AMENDMENT |

1

THIRD AMENDED COMPLAINT

|   |   |
|---|---|
| Defendants. | – SUBSTANTIVE DUE PROCESS (Violation of Civil Rights -42 U.S.C. § 1983)<br>5. UNREASONABLE SEARCH AND SEIZURE- DENIAL OF MEDICAL CARE (Violation of Civil Rights -42 U.S.C. § 1983); |

AND DEMAND FOR JURY TRIAL

Deovante L. Guy, by and through Guardian Ad Litem for Deovante Guy, Quintasia Walker (hereinafter "Plaintiff"), brings this action against Matthew Lorenzen, ("LORENZEN"), Paul MacIntyre ("MACINTYRE"), Christopher Senior, ("SENIOR"), Cory Sims ("SIMS"), the City of San Diego ("SAN DIEGO"),  and Annie Brady ("BRADY"), and alleges in this Third Amended Complaint as follows:

I.

PARTIES

1.    Plaintiff Deovante L. Guy, the real party in interest, ("GUY") is an incapacitated adult appearing by and through his duly appointed conservator and Guardian Ad Litem, Quintasia Walker, at all times relevant and material to this action, was and is now resident in the County of San Diego, State of California.

2.    Plaintiff is informed and believes, and on that basis alleges, that City of San Diego, is and at all times relevant herein was, a Municipality within the County of San Diego, State of California.  SAN DIEGO is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Diego Police Department ("SDPD") and its agents and employees.  At all relevant times, Defendant SAN DIEGO was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SDPD and its employees and agents complied with the laws of the United States and of the State of California.

3. Plaintiff is informed and believes, and on that basis alleges, that Matthew LORENZEN was at all times relevant herein, an employee of the City of San Diego, and an officer with the SDPD, acting within the course and scope of his employment and under color of state law.

4. Plaintiff is informed and believes, and on that basis alleges, that Annie BRADY, the driver of the car that hit GUY in the middle of the street, is and was at all times relevant herein, a resident of the County of San Diego.

5. On or about August 27, 2019, Plaintiff filed a comprehensive and timely claim for damages with SAN DIEGO pursuant to applicable sections of the California Government Code and said claim was rejected by City of San Diego on or about November 6, 2019. Pursuant to Emergency Rule 9 of the California Rules of Court, Emergency Rules Related to COVID-19, the time to file this lawsuit was tolled.

6. The true names and capacities, whether individual, corporate, or otherwise, of the defendants named in the Complaint as Does 1 through 50, inclusive, are unknown to GUY.

7. Defendant DOES 1-25 were at all times relevant herein, employees of the City of San Diego, and officers with the SDPD, acting within the course and scope of their employment and under color of state law.

    a. Having designated him in the Complaint and First and Second Amended Complaints by the fictitious name of DOE 1 and having discovered the true name of DOE 1 to be PAUL MACINTYRE, Plaintiff hereby amends the Second Amended Complaint by substituting such true name in the place of such fictitious name wherever it appears in said Third Amended Complaint.

    b. Having designated him in the Complaint and First and Second Amended Complaints by the fictitious name of DOE 2 and having discovered the true name of DOE 2 to be CHRISTOPHER SENIOR,

1  Plaintiff hereby amends the Second Amended Complaint by substituting such true name in the place of such fictitious name wherever it appears in said Third Amended Complaint.

c. Having designated him in the Complaint and First and Second Amended Complaints by the fictitious name of DOE 3 and having discovered the true name of DOE 3 to be CORY SIMS, Plaintiff hereby amends the Second Amended Complaint by substituting such true name in the place of such fictitious name wherever it appears in said Third Amended Complaint.

8. Defendant DOES 26-50 were at all times relevant herein, supervisory and managerial officers and policymaking employees for the SDPD, and employees of the Defendant San Diego, acting within the course and scope of their employment and under color of state law and with complete authority and ratification of their principal, Defendant SAN DIEGO.

9. Plaintiff is informed and believes, and on that basis alleges, that each of said fictitiously named defendants are liable to GUY on the causes of action herein alleged and/or asserts some interest, legal or equitable, in the subject matter of this action, and therefore Plaintiff sues said defendants by said fictitious names. Plaintiff will move to amend this Complaint when the true names and capacities of said fictitiously named doe defendants have been ascertained.

10. At all times mentioned herein, Defendants, and each of them, hereinabove were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining defendants Each of the defendants aided and abetted encouraged,

1  and rendered substantial assistance to the other Defendants in breaching their
2  obligations to Plaintiff, as alleged herein. In acting to aid and abet and
3  substantially assist the commission of these wrongful acts and other
4  wrongdoings complained of, as alleged herein, each of the Defendants acted
5  with an awareness of his/her/its primary wrongdoing and realized that his/her/
6  its conduct would substantially assist the accomplishment of acts from which
7  liability would flow, including negligent acts, wrongful conduct, wrongful goals,
8  and/or wrong doing.

## II.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## III.

## FACTUAL ALLEGATIONS

13. On February 28, 2019, in the early morning before sunrise, certain employees of the City and SDPD responded to a report of vandalism at the 7-11 (the "7-11") located near Rosecrans Street near Midway Drive.13.    Multiple SDPD vehicles arrived at or about Rosecrans Street in San Diego.

14. SDPD Officers identified GUY as the suspect in the vandalism incident at the 7-11.

15. GUY walked past several parked SDPD vehicles on the street. There were SDPD SUV's and sedans parked on the street with their lights on.

16. The side of the street where the police officers were parked was well lit and appeared to be the location of the SDPD's focus.

17. GUY crossed the street away from the police cars and LORENZEN followed him across the street. Both GUY and LORENZEN were walking across Rosecrans, a four-lane road with a raised median or island.

18. GUY arrived at the other side of the street after crossing four lanes and approached a fence with a closed gate.

19. GUY attempted to go through the gate, but it was locked. He turned around and started to head back across the street in the direction from which he came.

20. The side of the street on which GUY now stood was dark, nearly pitch black. Visibility from GUY's location looking across the street where the police vehicles were parked was less than normal because of the bright lights of the police cars on the other side of the street.

21. GUY started back across the street toward the parked police cars (where other officers were located), being followed by LORENZEN. When GUY arrived in the middle of the second lane, LORENZEN grabbed GUY's wrist and twisted GUY's arm behind GUY's back.

22. GUY did not resist or pull away from LORENZEN.

23. GUY did not struggle at any time and allowed the officer to contact him and put him down onto the ground.

24. LORENZEN pinned GUY down in the middle of the street with what appeared to be a knee in GUY's back. LORENZEN held GUY down in the middle of the street showing reckless disregard for safety.

25. At approximately 4:45 a.m. a white SUV driven by BRADY drove

into LORENZEN and over GUY's body, causing life threatening, permanent injuries.

26. GUY's body was lifeless, and GUY's blood drenched the scene of the collision.

27. LORENZEN'S actions placed GUY helplessly in a dangerous situation in the middle of the street.

28. BRADY, believed to be driving her SUV in obeyance of the speed limit, struck OFFICER LORENZEN and ran over GUY without braking because it was too dark to see the officer or GUY, defenselessly laid out in the road restrained by LORENZEN.

29. The numerous police officers on the scene ran over to check on LORENZEN, disregarding the medical needs of GUY and left GUY for dead in the middle of the street. Eventually an ambulance came to remove GUY from the road.

30. GUY was near death when he arrived at the hospital. The doctors and surgeon on staff recommended taking him off of life support.

31. GUY's injuries included severe internal injuries, shattered facial bones, numerous other broken bones, internal decapitation, lacerations covering his face and body, internal bleeding, torn organs, and numerous other injuries.

32. Following the accident SDPD caused a police officer who was not at the scene of the horrific collision, before, during or immediately after the collision to prepare the police report.

33. The police report was falsified in that it does not accurately reflect the events leading up to, during, or following the incident.

## FIRST CAUSE OF ACTION

Unreasonable Search and Seizure-Excessive Force

(Violation of Federal Civil Rights – 42 USC § 1983)

(Against LORENZEN, MACINTYRE, SENIOR, SIMS and DOES 1-25)

34. Plaintiff incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

35. LORENZEN's conduct violated GUY's civil, constitutional and statutory rights, including, but not limited to, the right be free of racial discrimination and the right to be free from bodily harm (Civil Code Section 43).

36. LORENZEN used excessive force in arresting and/or detaining GUY when he took hold of GUY's arm, twisted it behind his back, and pinned him down in the middle of the street, with LORENZEN's knee in GUY's back, rendering GUY helpless in a situation where grave, life-threatening harm was likely to occur, allowing him to be run over by a car.

37. The amount of force used by LORENZEN was objectively excessive and unreasonable because of the dangerous location in which LORENZEN pinned GUY down helplessly in the street rendering GUY totally exposed to unreasonable risks of severe injury and harm.  Further, LORENZEN's use of force violated his training and standard police officer training.

38. GUY posed no immediate threat of injury to LORENZEN or others and GUY was not resisting arrest or detention but was walking towards the side of the road where there were other police officers identified as DOES 1-25. When he was pinned to the ground, GUY was already in LORENZEN's custody and control, without resistance. The crime for which GUY was suspected was simple vandalism.

39. The above unjustified use of excessive force by LORENZEN

violated GUY's right to be secure in his person against unreasonable searches and seizures as guaranteed to GUY under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. LORENZEN and other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR AND SIMS, are liable for GUY's injuries either because they were integral participants in the wrongful detention or because they failed to intervene to prevent these violations.

41. The conduct of LORENZEN and other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR AND SIMS, was willful, wanton, malicious and done with reckless disregard for the rights and safety of GUY, and therefor warrants the imposition of exemplary and punitive damages as to LORENZEN and the other involved officers.

42. As a result of the foregoing, GUY suffered great physical pain, severe and ongoing physical and mental injuries, extreme pain and suffering, emotional distress, loss of earning capacity and incurred medical expenses.

43. LORENZEN's intentional act of violating GUY's civil, constitutional, and statutory rights was a substantial factor in causing GUY's injuries and harm.

44. The foregoing actions of LORENZEN and other involved officers, sued herein as DOES 1 through 25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, were the actual and proximate cause of GUY's injuries, for which a full and complete recovery of economic and non-economic damages are sought.

## SECOND CAUSE OF ACTION
### Fourteenth Amendment Due Process - State Created Danger
### (Violation of Federal Civil Rights - 42 U.S.C. § 1983)
### (Against LORENZEN, MACINTYRE, SENIOR, SIMS and DOES 1-25)

45. Plaintiff incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

46. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property.

47. The aforementioned actions of Defendants LORENZEN and other officers identified as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, amounted to deliberate indifference to GUY's Constitutional rights and the consequences of their actions and inactions, in that they acted with conscious or reckless disregard of the constitutional rights of GUY and to the consequences of their acts or omissions, and with deliberate indifference to a known or obvious danger.

48. LORENZEN's conduct in grabbing GUY, twisting his arm behind him, throwing him to the ground and pinning him in the middle of the lane of travel, when GUY was posing no threat to LORENZEN or anyone else, was not resisting or fleeing, and was suspected only of a misdemeanor simple vandalism, is shocking to the conscience.

49. LORENZEN's actions created the risk of harm to GUY from a vehicle approaching on the well-traveled roadway in low-light conditions.

50. GUY was a foreseeable victim of LORENZEN's conduct and the harm to GUY was foreseeable and a direct consequence of LORENZEN's action of pinning GUY to the ground in the lane of travel.

51. LORENZEN's intentional conduct of grabbing GUY's arm and laying him in the lane of travel on a well-traveled roadway, in low-light conditions, created the opportunity for the harm to occur by exposing GUY to a danger that he would not otherwise have faced.

52. LORENZEN acted with deliberate indifference to the foreseeable harm to

GUY and to GUY's interest in personal security under the Fourteenth Amendment.

53. LORENZEN's conduct violated GUY's civil, constitutional and statutory rights, including but not limited to GUY's right to personal security, and his personal liberty interest in his bodily security under the due process clause of the Fourteenth Amendment to the United States Constitution.

54. LORENZEN and other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, are liable for GUY's injuries either because they were integral participants in the wrongful detention or because they failed to intervene to prevent the above violations.

55. The conduct of LORENZEN and other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, was willful, wanton, malicious and done with reckless disregard for the rights and safety of GUY, and therefor warrants the imposition of exemplary and punitive damages as to LORENZEN.

56. As a result of the foregoing, GUY was severely harmed, suffered great physical pain, extreme pain and suffering, severe and ongoing physical injuries, incurred medical expenses and suffered loss of earning capacity.

57. LORENZEN's intentional act of violating GUY's civil, constitutional, and statutory rights by unnecessarily and unreasonably pinning GUY to the ground in the middle of the street and holding him there which was a substantial factor in causing GUY's injuries and harm.

58. The foregoing actions of LORENZEN and other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, were the actual and proximate cause of GUY's injuries, for which a full and complete recovery of economic and non-economic damages are sought.

## THIRD CAUSE OF ACTION

Fourteenth Amendment – Failure to Protect

<u>(Violation of Federal Civil Rights - 42 U.S.C. § 1983)</u>

<u>(Against LORENZEN, MACINTYRE, SENIOR, SIMS and DOES 1-25)</u>

59. Plaintiff incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

60. Defendant LORENZEN failed to protect GUY from injury and harm when LORENZEN intentionally placed GUY prone in the middle of a busy road with his hands pinned behind his back, with a knee holding him down, thereby placing GUY at a substantial risk of being struck or run over by a motor vehicle.

61. LORENZEN and the other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, failed to take reasonable, available measures to abate the risk, such as moving GUY to another location or making drivers aware that GUY was lying prone on the street.

62. The aforementioned actions of GUY and the other involved officers sued as Does 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, along with other undiscovered conduct, reflect a deliberate indifference to the constitutional rights of GUY.

63. As a direct and proximate result of these actions, GUY was severely harmed, suffered great physical pain, extreme pain and suffering, severe and ongoing physical injuries, incurred medical expenses and suffered loss of earning capacity. Defendant LORENZEN and the officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, thus violated the due process rights of GUY as a detainee to be protected from injury and harm.

64. LORENZEN and other involved officers sued as DOES 1-25, including

DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, are liable for GUY's injuries either because they were integral participants in the above violations of rights or because they failed to intervene to prevent the above violations.

65. The conduct of LORENZEN and other involved officers sued as DOES 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, was willful, wanton, malicious and done with reckless disregard for the rights and safety of GUY, and therefor warrants the imposition of exemplary and punitive damages as to LORENZEN and DOES 1-25, including MACINTYRE, SENIOR and SIMS.

66. Plaintiff seeks compensatory damages and attorneys' fees under this claim.

## FOURTH CAUSE OF ACTION

Fourteenth Amendment – Substantive Due Process

(Violation of Federal Civil Rights - 42 U.S.C. § 1983)

(Against LORENZEN, MACINTYRE, SENIOR, SIMS and DOES 1-25)

67. Plaintiff incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

68. GUY had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive him of life, liberty, or property.

69. The aforementioned actions of LORENZEN and Does 1-25, including DOES 1, 2, and 3, respectively MACINTYRE, SENIOR and SIMS, amounted to deliberate indifference to GUY's rights and the consequences of their actions and inactions, in that they acted with conscious and reckless disregard to the

constitutional rights of GUY and to the consequences of their acts and omission, and with purpose to harm unrelated to any legitimate law enforcement objective.

70. As a direct and proximate cause of the acts of LORENZEN and Does 1-25, including DOES 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS, GUY was severely harmed, suffered great physical pain, extreme pain and suffering, severe and ongoing physical injuries, incurred medical expenses and suffered loss of earning capacity.

71. The conduct of LORENZEN and other involved officers sued as DOES 1-25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS, was willful, wanton, malicious and done with reckless disregard for the rights and safety of GUY, and therefor warrants the imposition of exemplary and punitive damages as to LORENZEN and DOES 1-25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS.

72. Plaintiff seeks compensatory damages and attorneys' fees under this claim.

## FIFTH CAUSE OF ACTION

Unreasonable Search and Seizure - Denial of Medical Care

(Violation of Federal Civil Rights – 42 USC § 1983)

(Against DOES 1-25, Including DOES 1, 2, and 3, MACINTYRE, SENIOR and SIMS)

73. Plaintiff incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

74. After GUY was hit and run over by Brady's car, GUY was obviously seriously injured and in pain and in obvious and critical need of emergency medical care and treatment. Despite GUY's serious injuries, the other involved officers sued as DOES 1-25 did not render care to GUY or timely summon medical care to treat GUY but rather attended

to the medical needs of LORENZEN. The delay in medical care for GUY caused GUY extreme physical and emotional pain and suffering, and was a contributing cause of his serious injuries.

75. The conduct of DOES 1-25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS, violated GUY's civil, constitutional and statutory rights, including, but not limited to, the right be free of racial discrimination and the right to be free from bodily harm (Civil Code Section 43).

76. The denial of medical care by DOES 1-25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS, deprived GUY of his right to be secure in his person against unreasonable search and seizure as guaranteed to GUY under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

77. As a result of the foregoing, GUY was harmed, suffered extreme pain and suffering, severe and ongoing physical injuries, emotional distress and loss of earning capacity and incurred medical expenses, and the conduct described above was a substantial factor in causing GUY's injuries and harm.

78. Defendants officers sued as Does 1 through 25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS knew that failure to provide timely medical treatment to GUY could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing GUY great bodily harm.

79. The conduct of Does 1 through 25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS was willful, wanton, malicious and done with reckless disregard for the rights and safety of GUY and therefore warrants imposition of exemplary and punitive damages as to officer DOES 1-25, including Does 1, 2 and 3,

respectively MACINTYRE, SENIOR and SIMS.

80. As a result of their misconduct, each of Defendant DOES 1-25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS are liable for GUY's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

81. The foregoing actions of the involved officers, sued herein as DOES 1 through 25, including Does 1, 2 and 3, respectively MACINTYRE, SENIOR and SIMS were the actual and proximate cause of and/or exacerbation of GUY's injuries, for which a full and complete recovery of economic and non-economic damages are sought.

# PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Full and complete past and future economic and non-economic damages for all injuries damages and harm that Defendants proximately caused to GUY;

2. Compensatory damages caused by deprivation of GUY's constitutional rights;

3. Attorney's fees and costs to the extent allowed by law;

4. Pre-judgment interest to the extent allowed by law;

5. Civil Penalties as allowed by law;

6. Punitive damages against Defendant LORENZEN and DOES 1-50;

7. Such other relief or damages, not set out above, as allowed by law, or statute; and

8. Such further relief as this Court deems just and proper at conclusion

of trial.

Dated: January 31, 2022

      LAW OFFICES OF ALVIN L. PITTMAN

      By: /s/ Alvin L. Pittman
        ALVIN L. PITTMAN

      BOSTICK LEGAL

      By: /s/ Tanisha Bostick
        Tanisha Bostick

      ODEN & GREENE

      By: /s/ Douglas A. Oden
        Douglas A. Oden
        Attorneys for Plaintiff,
        Quintasia Walker
        As Guardian Ad Litem for
        Deovante L. Guy

**REQUEST FOR TRIAL BY JURY**

Plaintiff hereby requests a trial by jury in the above-captioned matter.

DATED: January 31, 2022        LAW OFFICES OF ALVIN L. PITTMAN

By:    /s/ Alvin L. Pittman
       Alvin L. Pittman
       Attorneys for Plaintiff,
       DEOVANTE L. GUY by and through
       Guardian Ad Litem for Deovante Guy,
       Quintasia Walker