# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEOVANTE L. GUY, BY AND THROUGH GUARDIAN AD LITEM FOR DEOVANTE GUY, QUINTASIA WALKER, | CASE NO. 3:20-CV-02027-BAS-BLM |
| Plaintiff, | **FINAL PRETRIAL ORDER** |
| v. | FINAL PRETRIAL CONFERENCE<br>Date:   7/31/2023<br>Time:   11:00 a.m.<br>Courtroom: 12B |
| MATTHEW LORENZEN, an Individual; THE CITY OF SAN DIEGO, A governmental entity; PAUL MACINTYRE, An Individual; CHRISTOPHER SENIOR, An Individual; CORY SIMS, An Individual, and DOES 4-50, | [Assigned to Judge Cynthia Bashant, Courtroom "12B"]<br><br>Action Filed:     10/15/2020<br>Trial:            09/26/2023 |
| Defendants. | |

TO THE CLERK OF COURT AND ALL PARTIES:

Following pretrial proceedings, pursuant to Federal Rules of Civil Procedure, Rule 16 and Southern District Local Rule 16.1(6), IT IS ORDERED:

/ / /

/ / /

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

I.    Statement of the Nature of the Case ..................................................... 1

II.   Claims, Elements, Damages and Defenses ........................................... 1

    A.   First Cause of Action against Matthew Lorenzen for
    Unreasonable Search and Seizure – Excessive Force under the
    Fourth Amendment (Violation of Civil Rights – 42 U.S.C. §
    1983) .............................................................................................. 1

       a.   Elements.................................................................................. 1

          (1)   the defendantOfficer Matthew Lorenzen acted under
          color of state law; and ................................................... 1

          (2)   the defendant Officer Matthew Lorenzen seized the
          plaintiff Deovante Guy's person; ................................. 1

          (3)   in seizing the plaintiff Deovante Guy's person, the
          defendant Officer Matthew Lorenzen acted
          intentionally; and ......................................................... 2

          (4)   the seizure was unreasonable. ..................................... 2

          (Ninth Circuit Manual of Model Jury Instructions §§ 9.3,
          9.20 & 9.25) .................................................................... 2

       Damages.................................................................................... 2

       b.   Defenses.................................................................................. 3

    B.   Second Cause of Action against Matthew Lorenzen for
    Fourteenth Amendment – State Created Danger (Violation of
    Civil Rights – 42 U.S.C. § 1983); .............................................. 3

       a.   Elements.................................................................................. 3

       Plaintiff Contends the Elements to be:.................................... 4

          (1)   the defendant Officer Matthew Lorenzen committed
          an affirmative act;......................................................... 4

          (2)   the affirmative act placed the plaintiff in a position
          of an actual, particularized danger by creating or
          exposing the plaintiff to a danger that he would not
          have otherwise faced; .................................................... 4

          (3)   the defendant Officer Matthew Lorenzen acted with
          deliberate indifference to a known or obvious
          danger; and ................................................................... 4

          (4)   the affirmative act that created the actual,
          particularized danger caused injury to the plaintiff
          that was foreseeable....................................................... 4

(Ninth Circuit Manual of Model Jury Instructions §§ 9.3, 9.33B). ...........................................................................4

Defendants Contend: that in order to prove his Fourteenth Amendment Due Process Claim Plaintiff must show that Officer Lorenzen's conduct "Shocks the Conscience" as judge under the "purpose-to-harm test." ...........................................................................4

*(Daniels v. Williams* 474 U.S. 327 (1986); *Davidson v. Cannon* 474 U.S. 344 (1986); *Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008); *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010); *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022)) ..............................4

b.    Damages...........................................................................4

c.    Defenses...........................................................................4

C.    Fifth Cause of Action Against Matthew Lorenzen and City of San Diego for Negligence ..............................................5

a.    Elements...........................................................................5

(1)    Defendant Matthew Lorenzen failed to use the skill and care that a reasonably careful law enforcement officer would have used in similar circumstances to prevent harm to Plaintiff Deovante Guy; ..................5

(2)    Plaintiff Deovante Guy was harmed; and, ...................5

(3)    Defendant Matthew Lorenzen's failure to use reasonable care was a substantial factor in causing Plaintiff Deovante Guy's harm. ...............................5

Judicial Council of California Civil Jury Instructions (CACI) 400, 401, 600. ...............................................5

Defendants contend: CACI 400, 401 and 600 are inapplicable to Officer Lorenzen. CACI 440 Unreasonable Force by Law Enforcement Officer in Arrest or Other Seizure—Essential Factual Elements is the applicable CACI instruction under California law. ...............................................................5

(1)    That the defendant Officer Matthew Lorenzen used force in detaining Plaintiff Deovante Guy; ....................5

(2)    That the amount of force used by defendant Officer Matthew Lorenzen was unreasonable; .......................5

(3)    That plaintiff was harmed; and..................................5

(4)    That the defendant Officer Matthew Lorenzen's use of unreasonable force was a substantial factor in

causing Plaintiff Deovante Guy's harm. ............................5

(Judicial Council of California Civil Jury Instructions (CACI) 440; *Penal Code* § 835; *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 526-28. *Koussaya v. City of Stockton* (2020) 54 Cal.App.5th 909, 926). ............................6

    b.   Damages..............................................6

    c.   Defenses.............................................6

D.   Seventh Cause of Action against Matthew Lorenzen and City of San Diego for Battery by a Police Officer ..........................7

    a.   Elements.............................................7

        (1)   That the defendant Officer Matthew Lorenzen intentionally touched the Plaintiff Deovante Guy;.............7

        (2)   That the defendant Officer Matthew Lorenzen used unreasonable force to arrest, prevent the escape and overcome the resistance of the Plaintiff Deovante Guy; ............................7

        (3)   That the Plaintiff Deovante Guydid not consent to the use of that force; ............................7

        (4)   That Plaintiff Deovante Guy was harmed; and ................7

        (5)   That the defendant Officer Matthew Lorenzen's use of unreasonable force was a substantial factor in causing Plaintiff Deovante Guy's harm. ............................7

(Judicial Council of California Civil Jury Instructions (CACI) 1305). ............................7

    b.   Damages..............................................7

    c.   Defenses.............................................7

III.   Witness Lists ............................7

IV.   Exhibit Lists............................8

V.   Stipulated Facts ............................8

VI.   Deposition Testimony ............................8

VII.   Jury Instructions ............................9

VIII.   Jury Trial ............................9

IX.   Time Estimate............................9

FINAL PRETRIAL ORDER

I.  **Statement of the Nature of the Case**

This case arises out of a catastrophic injury accident on February 28, 2019 at approximately 4:55 a.m. wherein Plaintiff Deovante Guy and San Diego Police Officer Matthew Lorenzen were struck by an SUV driven by Annie Brady. The parties dispute the facts regarding what occurred prior to the two men being struck by Brady's SUV.

Plaintiff Deovante Guy contends he was being held down by Officer Matthew Lorenzen in the Southbound lanes of Rosecrans Street near Midway Street when the SUV struck. Plaintiff contends that he suffered multiple severe life-threatening and permanent injuries as a result of the incident and that he will require 24-hour care for the remainder of his life. Plaintiff Guy contends Officer Lorenzen and the City of San Diego are a cause of his injuries. Plaintiff Guy has sued the City of San Diego and Officer Lorenzen through his Guardian ad Litem Quintasia Walker because Mr. Guy does not have the mental capacity to sue on his own behalf.

Defendants dispute Plaintiff's claims and deny liability. Defendants contend Officer Lorenzen's actions were reasonable under the circumstances and that Annie Brady was the cause of the harm and damages suffered by Plaintiff.

II.  **Claims, Elements, Damages and Defenses**

Plaintiff asserts the following causes of action against Officer Lorenzen:

A.  **First Cause of Action against Matthew Lorenzen for Unreasonable Search and Seizure – Excessive Force under the Fourth Amendment (Violation of Civil Rights – 42 U.S.C. § 1983)**

a.  **Elements**

To establish this claim, DEOVANTE GUY must prove all of the following:

(1)  the defendant Officer Matthew Lorenzen acted under color of state law; and

(2)  the defendant Officer Matthew Lorenzen seized the

1

1    plaintiff Deovante Guy's person;

2    (3)    in seizing the plaintiff Deovante Guy's person, the

3    defendant Officer Matthew Lorenzen acted intentionally;

4    and

5

6    (4)    the seizure was unreasonable.

7    (Ninth Circuit Manual of Model Jury Instructions §§ 9.3, 9.20 &

8    9.25)

9    **Damages**

10    Plaintiff alleges damages as follows: Mr. Guy, among many injuries,

11    suffered severe brain damage, facial, head and bodily fractures and other physical

12    injuries. CT scan showed internal decapitation due to atlanto-axial injury.  Colon

13    serosal tears, liver laceration and mesenteric defect, requiring multiple surgeries.

14    Orthopedically, Mr. Guy had left scapular fracture, and was made not weight

15    bearing to the upper extremity. Cervical spine showed extensive craniocervical

16    injury, epidural hematoma.  Brain scans showed hemorrhagic contusion and frontal

17    and parietal lobe progressive edema.  Mr. Guy suffered rib fractures, pulmonary

18    contusions and left pneumothorax, permanent traumatic brain injury, cervical injury

19    and intra-abdominal trauma.  As a result of severe traumatic brain injury, he now

20    has residual emotional, cognitive, and physical defects and left spastic hemiparesis.

21    Severe intra-abdominal abscesses required partial colectomy, transverse colon

22    resection and ileostomy. He cannot get out of bed without maximum assistance. Mr.

23    Guy requires continued care in a long-term care facility which specializes in

24    traumatic brain injury or in-home with family with 24-hour LVN care for the rest of

25    his life.  He will also require the care of multiple specialists for the rest of his life

26    including: brain injury specialists, neurologists, urologist, pulmonologist,

27    endocrinologist, gastroenterologist, neurosurgeon, podiatrist, dentist, neuro

28    optometrist, internal medicine specialist. He will also need many medications,

1  assistive adaptive equipment; ongoing physical, occupational and speech therapy.

2  He will likely require emergency room visits and hospitalizations related to his

3  severe disability.

4       Care for Mr. Guy for the rest of his life in the opinion of Plaintiff's expert life

5  care planner, Andrea Nebel, R.N.,  will total between $16, 169,965 if he is cared for

6  in a Long Term Residential Care facility,  and $16, 859, 405, if cared for in a family

7  member's home.  In the opinion of Plaintiff's expert economist, Kristin Spoon, the

8  Plaintiff's economic damages will total $17,185,424 if he is at home with an

9  Attendant Caregiver and $18,823,319 if he is in a Long-Term Residential Care

10  Facility.  In the opinion of Plaintiff's Vocational Rehabilitation expert, Dr. Behnush

11  Mortimer, Plaintiff's loss of earnings total $606,561.

12       Defendants dispute the nature, extent and amount of Plaintiff's claimed

13  damages, including the Plaintiff's claimed future care needs, future care costs and

14  Plaintiff's claimed loss of earnings.

15                **b.**    **Defenses**

16       Defendants contend that Officer Lorenzen is entitled to qualified immunity

17  from Plaintiff's 42 U.S.C. § 1983 claims. *Lal v. Cal.*, 746 F.3d 1112, 1116 (9th Cir.

18  2014); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993); *Reichle v.*

19  *Howards*, 566 U.S. 658, 664 (2012); *Anderson v. Creighton* (1987) 483 U.S. 635;

20  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *White v. Pauly*, 137 S.Ct. 548, 550

21  (2016);  *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017).

22  Defendants dispute Plaintiff's claims and deny liability. Defendants contend Officer

23  Lorenzen's actions were reasonable under the circumstances and that Annie Brady

24  was the cause of the harm and damages suffered by Plaintiff.

25      **B.**    **Second Cause of Action against Matthew Lorenzen for Fourteenth**

26            **Amendment – State Created Danger (Violation of Civil Rights – 42**

27            **U.S.C. § 1983);**

28            **a.**    **Elements**

3

**Plaintiff Contends the Elements to be:**

    (1)    the defendant Officer Matthew Lorenzen committed an affirmative act;

    (2)    the affirmative act placed the plaintiff in a position of an actual, particularized danger by creating or exposing the plaintiff to a danger that he would not have otherwise faced;

    (3)    the defendant Officer Matthew Lorenzen acted with deliberate indifference to a known or obvious danger; and

    (4)    the affirmative act that created the actual, particularized danger caused injury to the plaintiff that was foreseeable.

(Ninth Circuit Manual of Model Jury Instructions §§ 9.3, 9.33B).

**Defendants Contend:** that in order to prove his Fourteenth Amendment Due Process Claim Plaintiff must show that Officer Lorenzen's conduct "Shocks the Conscience" as judged under the "purpose-to-harm test."

*(Daniels v. Williams* 474 U.S. 327 (1986); *Davidson v. Cannon* 474 U.S. 344 (1986); *Porter v. Osborn*, 546 F.3d 1131 (9th Cir. 2008); *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010); *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022))

**b.**    **Damages**

Plaintiff incorporates by reference the above statement of physical, mental, emotional and economic damages in the First Cause of Action at II(A)(b) as though fully set forth.

**c.**    **Defenses**

Defendants contend that Officer Lorenzen did not act with a purpose-to-harm and that Officer Lorenzen is entitled to qualified immunity. Defendants dispute Plaintiff's claims and deny liability. Defendants contend Officer Lorenzen's

4

actions were reasonable under the circumstances and that Annie Brady was the cause of the harm and damages suffered by Plaintiff.

**C.**     **Fifth Cause of Action Against Matthew Lorenzen and City of San Diego for Negligence**

**a.**     **Elements**

**Plaintiff contends**: CACI 400, 401 and 600 are applicable to Officer Lorenzen.

(1)     Defendant Matthew Lorenzen failed to use the skill and care that a reasonably careful law enforcement officer would have used in similar circumstances to prevent harm to Plaintiff Deovante Guy;

(2)     Plaintiff Deovante Guy was harmed; and,

(3)     Defendant Matthew Lorenzen's failure to use reasonable care was a substantial factor in causing Plaintiff Deovante Guy's harm.

Judicial Council of California Civil Jury Instructions (CACI) 400, 401, 600.

**Defendants contend**: CACI 400, 401 and 600 are inapplicable to Officer Lorenzen. CACI 440 Unreasonable Force by Law Enforcement Officer in Arrest or Other Seizure—Essential Factual Elements is the applicable CACI instruction under California law.

(1)     That the defendant Officer Matthew Lorenzen used force in detaining Plaintiff Deovante Guy;

(2)     That the amount of force used by defendant Officer Matthew Lorenzen was unreasonable;

(3)     That plaintiff was harmed; and

(4)     That the defendant Officer Matthew Lorenzen's use of unreasonable force was a substantial factor in causing

5

1    Plaintiff Deovante Guy's harm.

2    (Judicial Council of California Civil Jury Instructions (CACI)

3    440; *Penal Code* § 835; *Brown v. Ransweiler* (2009) 171

4    Cal.App.4th 516, 526-28. *Koussaya v. City of Stockton* (2020) 54

5    Cal.App.5th 909, 926).

6    **b.    Damages**

7    Plaintiff incorporates by reference the above statement of physical,

8    mental, emotional and economic damages in the First Cause of Action at II(A)(b) as

9    though fully set forth.

10    **c.    Defenses**

11    Defendants contend that Officer Lorenzen acted reasonably under the

12    circumstances. *Penal Code* § 835; *Brown v. Ransweiler* (2009) 171 Cal.App.4th

13    516, 526-28. *Koussaya v. City of Stockton* (2020) 54 Cal.App.5th 909, 926.

14    Defendants contend that Annie Brady was the cause of the harm and damages

15    suffered by Plaintiff.  Defendants contend a public entity is not liable for injuries

16    except as provided by statute pursuant to California *Government Code* § 815 and

17    that California *Government Code* § 820.2 immunizes public employees from

18    liability in performing discretionary acts within the scope of their employment,

19    whether or not such discretion is abused. Cal. *Govt. Code* § 820.2; *Darby v. City of*

20    *Torrance*, 810 F.Supp. 271, 274 (C.D. Cal. 1992), reversed on other grounds in

21    *Darby v. City of Torrance*, 46 F.3d 1140 (9th Cir. 1995).  Additionally, Defendants

22    contend the City of San Diego can only be held liable for state law claims to the

23    extent Plaintiff proves a cause of action against Officer Lorenzen. Cal. *Govt. Code*

24    §§ 815, 815.2(a).  Defendants assert comparative fault against Annie Brady. The

25    acts of negligence claimed against Annie Brady are set forth in Section I,

26    "Defendants' Contentions of Fact", ECF No. 86.

27    / / /

28    / / /

**D.    Seventh Cause of Action against Matthew Lorenzen and City of San Diego for Battery by a Police Officer**

**a.    Elements**

To establish this claim, DEOVANTE GUY must prove all of the following:

(1)    That the defendant Officer Matthew Lorenzen intentionally touched the Plaintiff Deovante Guy;

(2)    That the defendant Officer Matthew Lorenzen used unreasonable force to arrest, prevent the escape and overcome the resistance of the Plaintiff Deovante Guy;

(3)    That the Plaintiff Deovante Guydid not consent to the use of that force;

(4)    That Plaintiff Deovante Guy was harmed; and

(5)    That the defendant Officer Matthew Lorenzen's use of unreasonable force was a substantial factor in causing Plaintiff Deovante Guy's harm.

(Judicial Council of California Civil Jury Instructions (CACI) 1305).

**b.    Damages**

Plaintiff incorporates by reference the above statement of physical, mental, emotional and economic damages in the First Cause of Action at II(A)(b)  as though fully set forth.

**c.    Defenses**

Defendants incorporate the defenses set forth at II(C)(c) above. (*Penal Code* § 835; *Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 526-28. *Koussaya v. City of Stockton* (2020) 54 Cal.App.5th 909, 926).

**III.   <u>Witness Lists</u>**

Plaintiff's lists of Witnesses and Experts are attached as Attachment A.

7

1  Defendants' list of Witnesses and Experts is attached as Attachment B.

2  **IV.    Exhibit Lists**

3      Plaintiff's lists of Exhibits is attached as Attachment A.  Defendants' list of

4  Exhibits is attached as Attachment C.

5  **V.    Stipulated Facts**

6      (i)    The subject injury incident occurred on February 28, 2019 at

7  approximately 4:55:56 a.m.

8      (ii)    Matthew Lorenzen was hired by San Diego Police Department in

9  August 2017.

10      (iii)    Matthew Lorenzen was employed as a police officer by the San Diego

11  Police Department on February 28, 2019.

12      (iv)    Matthew Lorenzen was acting within the course and scope of his duties

13  employed as a police officer with the San Diego Police Department at the time of

14  the subject incident on February 28, 2019.

15      (v)    Matthew Lorenzen was acting under color of law at the time of the

16  subject incident on February 28, 2019.

17      (vi)    Deovante Guy was born August 2, 1990.

18      (vii)    Deovante Guy was 28 years old at the time of the subject incident on

19  February 28, 2019.

20  **VI.    Deposition Testimony**

21      The parties do not expect they will need to present testimony by depositions.

22  The parties reserve the right to offer deposition testimony of witnesses deposed in

23  this case by transcript and/or video deposition in lieu of live testimony if the

24  witnesses are not available to testify at the time of trial, or for impeachment

25  purposes.  Witness Nicholas Heim is in the Navy and currently stationed overseas.

26  The parties anticipate they may need to present his testimony by live video, but do

27  not anticipate needing to present his deposition testimony in lieu of live testimony.

28  / / /

FINAL PRETRIAL ORDER

## VII. **<u>Jury Instructions</u>**

In addition to filing instructions as required under Fed. r. Civ. Rule 51 and Civ. L.R. 51.1, the parties will submit the parties proposed jury instructions and any alternate instructions in word format to Chambers no later than 8/28/2023.

## VIII. **<u>Jury Trial</u>**

This case will be tried by jury.

## IX. **<u>Time Estimate</u>**

Each side will be allotted 20 hours of trial time.

Dated: August 21, 2023

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

Dated August 22, 2023          **LAW OFFICES OF ALVIN L. PITTMAN**

         /s/ Alvin L. Pittman

ALVIN L. PITTMAN
Attorneys for Plaintiff Deovante Guy

Dated August 22, 2023          **BOSTICK LEGAL**

         /s/Tanisha Bostick

TANISHA BOSTICK
Attorneys for Plaintiff Deovante Guy

Dated August 22, 2023          **ODEN & GREEN**

         /s/ Douglas A. Oden

DOUGLAS A. ODEN
Attorneys for Plaintiff Deovante Guy

DATED:  July 17, 2023          HURRELL CANTRALL LLP

By:      /S/ *Joseph K. Miller*

THOMAS C. HURRELL
LISA Y. AN
JOSEPH K. MILLER
Attorneys for Defendants MATTHEW
LORENZEN, and CITY OF SAN DIEGO

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the SDCA Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of the document is acceptable to all persons required to sign the document and have obtained authorization to affix the signatures herein.

DATED: July 17, 2023          HURRELL CANTRALL LLP
By: *ced/S/ Joseph K. Miller*

THOMAS C. HURRELL
JOSEPH K. MILLER
Attorneys for Defendants CITY OF SAN
DIEGO and MATTHEW LORENZEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24              **Attachment A**
25
26
27
28

1

2

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| DEOVANTE L. GUY, BY AND THROUGH GUARDIAN AD LITEM FOR DEOVANTE GUY, QUINTASIA WALKER<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW LORENZEN, an Individual; THE CITY OF SAN DIEGO, A governmental entity and DOES 4-50<br><br>Defendants. | CASE NO. 3:20-CV-02027-BAS-BLM<br><br>**PLAINTIFF'S LIST OF WITNESSES, EXPERT WITNESSES AND EXHIBITS**<br><br>**Fed. R. Civ. P. 16 and Local Rule 16.1**<br><br>Pretrial Conference: July 31, 2023<br>Time: 11:00 a.m.<br>Judge: Hon. Cynthia Bashant<br><br>Trial: September 26, 2023 |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF COURT AND ALL PARTIES:

Following pretrial proceedings, and meet and confer, Plaintiff submits the following list of witnesses, expert witnesses, including treating physicians, and exhibits. pursuant to Federal Rules of Civil Procedure, Rule 16 and Southern District Local Rule 16.1(6) for submission with the proposed Joint Final Pretrial Conference Order:

1.    (a)    List of each lay witness Plaintiff expects to call:

| Name of Witness | Anticipated Areas of Testimony |
|---|---|
| 6. Tanya Daley Torres<br>2676 Worden St. Unit 64<br>San Diego, CA 92106<br>(619) 508-5656 | Ms. Daley-Torres will testify as a percipient witness to events surrounding the accident on February 28, 2019. |
| 3. Matthew Lorenzen<br>C/O Defense Counsel | Defendant Lorenzen will testify regarding his knowledge of the incident and his training and knowledge of relevant policies. |
| 7. Anne Brady<br>622 Bush Lane<br>San Marcos, CA 92069<br>(858) 414-7434 | Driver of white SUV that struck Plaintiff Guy and Defendant Lorenzen Ms. Brady will testify as a percipient witness to events surrounding the subject accident. |
| 5. Nicholas Heim<br>PSC 480 Box 103<br>FPO/AP96370 | Mr. Heim will testify as a percipient witness via Zoom or through video-taped deposition to the events surrounding the subject accident. |
| 12. Tanisha Bostick<br>1230 Columbia St. Ste 900<br>San Diego, CA 92101<br>(619) 255-7444. | Deovante Guy's mother will testify regarding damages and pre- and post-incident circumstances related to Plaintiff's damages. |
| 13. Quintasia Walker<br>1230 Columbia St. Ste 900<br>San Diego, CA 92101<br>(619) 255-7444 | Deovante Guy's sister and GAL will testify regarding Plaintiff's damages and pre- and post-incident circumstances related to Plaintiff's damages . |
| 14. Patricia Curtis<br>1157 Dixon Dr.<br>Chula Vista, CA 91911<br>(619) 829-3752 | Ms. Curtis is the mother of Deovante's daughter who will testify regarding Plaintiff's pre- and post- |

| Name of Witness | Anticipated Areas of Testimony |
|---|---|
| | incident condition and relationships. |
| 10. Sgt. Patrick Hall<br>C/O Defense Counsel | SDPD Sergeant, the City of San Diego's Fed. R. Civ P. 30(b)(6) witness will testify regarding discipline if any given to Matthew Lorenzen and the supervision by the San Diego Police Department of Matthew Lorenzen at the time of the incident as well as SDPD policies and procedures relating to the incident. |
| 1.  Ralph Guest<br>c/o Defense Counsel | Mr. Guest, clerk in the 7-Eleven, will testify as a percipient witness to the events at the 7-Eleven prior to the subject accident. |
| 2.  Dispatch Clerk, SDPD, from time of incident at 7-Eleven on February 28, 2019<br>C/o Defense Counsel | SDPD Dispatch Clerk/officer will testify as to communications to and from witnesses and officers dispatched to scene. |
| 9. Officer Isaac Rivera<br>SDPD<br>c/o Defense Counsel | SDPD officer will testify regarding his investigation of the incident |
| 8. Traffic Officer M. Koerber<br>SDPD<br>c/o Defense Counsel | SDPD officer will testify regarding investigation of accident/collision and photos |
| 4.Traffic Officer T. Gibson<br>SDPD<br>C/o Defense Counsel | SDPD officer will testify regarding accident investigation and scene documentation/diagrams |
| Reserved | |
| Reserved | |

**(b)    List of each expert witness Plaintiff's counsel actually expects to call:**

| Name of Witness | Possible Testimony |
|---|---|
| 11. Roger Clark<br>10207 Molino Rd<br>Santee, CA 92071<br>(208) 351-2458 | Plaintiff's retained police practices expert will testify about the practices and procedures followed by defendant Lorenzen at or around the time of the incident, whether Defendant acted in accordance with POST policies, standards and training expected of |

| | |
|---|---|
| | police officers, and about those opinions expressed in his report, and will offer rebuttal testimony to the opinions expressed by defendants' expert in this same area of expertise. |
| 38, Kristin Spoon<br>3390 Carmel Mountain Rd. Suite 150<br>San Diego, CA 92121<br>(858) 847-0005 | Plaintiff's retained expert economist will testify regarding economic damages incurred by Plaintiff and to opinions expressed in her report. |
| 36. Catherine J. Ward, Ph.D.<br>3200 Fourth Ave. Suite 100<br>San Diego, CA 92103<br>(619) 293-3994 | Plaintiff's retained Clinical Psychologist, Clinical, Civil and Forensic Neuropsychologist expert will testify based on her review of Mr. Guy's medical and mental health records and interview/examination with Mr. Guy, regarding Mr. Guy's injuries and causation and opinions expressed in her reports. |
| 37.Andrea Nebel, R.N., BSN, CNLCP<br>4421 Park Blvd. #201<br>San Diego, CA 92116<br>(619) 309-9280 | Plaintiff's retained expert life care planner will testify based on her review of medical records, deposition transcripts, collaboration with other medical experts and treaters, and observation during an independent medical exam, regarding Mr. Guy's future medical and non-medical lifetime care needs for treatment and services and cost thereof related to injuries sustained on February 28, 2019, and opinions expressed in her reports. |
| 35. David R. Patterson, M.D.<br>310 N. Indian Hill Blvd.#127<br>Claremont, CA 91711<br>(909) 282-2830 | Plaintiff's retained expert is Board Certified in Brain Injury Medicine and Physical Medicine and Rehabilitation. Dr. Patterson will testify based on his review of medical records, depositions, his physical examination of the Plaintiff, his review of other consulting experts reports, consult with experts and treaters, regarding Mr. Guy's |

| | |
|---|---|
| | injuries, causation, his present and future needs for care and treatment, and reasonableness of medical billing and opinions expressed in his report. |
| 39. Behnush B. Mortimer, Ph.D., CRC, CVE<br>12700 Stown Drive#120<br>Poway, CA 92064<br>(619) 463-9334 | Plaintiff's retained vocational rehabilitation expert will testify based on her review of available information about work history and education, Plaintiff's physical and mental disabilities, regarding Mr. Guy's loss of earning capacity, the impact of his injuries/disability on earning capacity and work life, and opinions expressed in her report. |
| 15.Paul T. Albini, M.D.<br>Loma Linda University School of Medicine<br>1175 Campus St.<br>Loma Linda, CA 92350<br>(909) 558-4462 | Plaintiff's treating trauma surgeon/physician at UCSD Health will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 16.Allison Berndtson, M.D.<br>UCSD Health<br>9300 Campus Point Dr.<br>La Jolla, CA 92037<br>(619) 543-7200 | Plaintiff's treating physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 17. Leslie M. Kobayashi, M.D.<br>UCSD Health<br>200 W. Arbor Drive, Suite 1505<br>San Diego, CA 92103<br>(619) 543-3000 | Plaintiff's treating physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 18. Haiwon Lee, M.D.<br>UCSD Hillcrest Mon Orthopaedics<br>200 W. Arbor Dr.<br>San Diego, CA 92103<br>(619) 543-6312 | Plaintiff's treating Orthopedic physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the |

| | |
|---|---|
| | reasonable and customary charges for those services in the community. |
| 19. Jeffrey Hill Gertsch M.D.<br>200 W. Arbor Dr.<br>San Diego, CA 92103<br>(858) 657-8540 | Plaintiff's treating Neurologist at UCSD Health will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 20. Timothy Andrew Morris, M.D.<br>4168 Front St.<br>San Diego, CA 92103<br>(855) 355-5864 | Plaintiff's treating Pulmonary//Critical Care physician at UCSD Health will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 21. Leena Raj Kansal, M.D.<br>UCSD Health<br>9350 Campus Point Dr.<br>San Diego, CA 92037<br>(619) 543-3500 | Plaintiff's treating Neurologist will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 22. David B. Hom, M.D.<br>UCSD Health<br>200 W. Arbor Dr.<br>San Diego, CA 92103<br>(858)657-8580 | Plaintiff's treating Head & Neck Surgeon will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 23. Heidi Nina Yeung, M.D.<br>UCSD Health<br>200 W. Arbor Dr.<br>San Diego, CA 92103<br>(619) 471-3316 | Plaintiff's treating Palliative Care physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, goals of care, interaction with family, and the reasonable and customary charges for those services in the community. |
| 24. Todd Wilson Costantini, M.D. | Plaintiff's Trauma Surgical Critical |

| | |
|---|---|
| UCSD Health<br>9350 Campus Point Dr.<br>San Diego, CA 92037<br>(619) 543-3500 | Care physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 25. Maile A. Young Karris, M.D.<br>UCSD Health<br>200 W. Arbor Dr.<br>San Diego, CA 92103<br>(619) 543-3995 | Plaintiff's treating Infectious Disease physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 26. Joseph Dimaggio Ciacci, M.D.<br>9300 Campus Point Dr.<br>La Jolla, CA 92037<br>(619) 543-5540 | Plaintiff's treating Neurosurgeon will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 27. Marc S. Schwartz, M.D.<br>3855 Health Sciences Drive,<br>La Jolla, CA  92093<br>(619) 543-5540 | Plaintiff's treating Neurosurgeon will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 28.Christopher Ray Tainter, M.D.<br>9300 Campus Point Dr.<br>La Jolla, CA 92037<br>(619) 543-6400 | Plaintiff's treating Anesthesia Surgical Critical Care Medicine physician will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 29. Jeffrey Jeh Shih, M.D.<br>Neurology<br>9350 Campus Point Drive<br>La Jolla, CA  92037<br>(858) 6571-8540 | Plaintiff's treating Neurologist will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and |

| | |
|---|---|
| | customary charges for those services in the community. |
| 30. Sara B. Edwards, M.D.<br>9300 Campus Point Dr.<br>La Jolla, CA 92037<br>(619) 543-6400 | Plaintiff's treating Surgeon will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 31. Christopher Onderdonk, LCSW<br>9300 Campus Point Dr.<br>La Jolla, CA 92037<br>(619) 543-6400 | Plaintiff's social worker-Palliative Care Consult Service while Mr. Guy was in UCSD Health will testify regarding Mr. Guy's condition, treatment rendered and goals of care and treatment, and interactions with and counseling of family. |
| 32. Christopher John Friend, M.D.<br>9300 Campus Point Dr.<br>La Jolla, CA 92037<br>(619) 543-6400 | Dr. Friend, Interventional Radiology physician at UCSD, will testify regarding Mr. Guy's injuries: causation, diagnosis and treatment rendered to Mr. Guy, and prognosis, future care, and the reasonable and customary charges for those services in the community. |
| 33. Samuel J. Clark, M.D.<br>200 W. Arbor Drive<br>San Diego, CA 92103<br>(619) 218-5688 | Plaintiff's treating Pulmonologist will testify regarding treatment rendered to Mr. Guy at Jacob Health Care Center. |
| 34. Steven H. Farber, M.D.<br>3401 W. Sunflower Ave.<br>Santa Ana, CA  92704<br>(888)878-0009 | Plaintiff's treating physician at Jacob Health Care Center will testify regarding Mr. Guy's injuries, diagnosis, treatment, future care and the reasonable and customary charges for those services in the community. |

**List of expert witnesses Plaintiffs' counsel does not expect to call but reserves the right to call:**

| Name of Witness | Testimony |
|---|---|
| Jimi O. Benson, M.D.<br>1351 Broadway<br>El Cajon, CA 92021 | Plaintiff's treating Internal Medicine physician at Alvarado Hospital Medical Center will testify regarding |

| (619) 383-6703 | treatment rendered to Mr. Guy |
| Orlando Collado, Jr., M.D.<br>16162 Beach Blvd., Suite 100<br>Huntington Beach, CA 92647<br>(888) 878-0009 | Plaintiff's treating physician may testify to care and treatment rendered to Mr. Guy at Jacob Health Care Center and to the reasonable and customary charges for those services in the community. |

(c)  **List of additional witnesses Plaintiff's counsel does not expect to call at this time but reserves the right to call:**

| Name of Witness | Possible Testimony |
| --- | --- |
| Custodian of Records<br>UCSD Health<br>200 W. Arbor Dr.<br>San Diego, CA 92103<br>(858) 657-7000<br>Or<br>Custodian of Records<br>UCSD Health<br>9300 Campus Dr.<br>La Jolla, CA 92037<br>(858) 657-7000 | The Custodian of Records may testify regarding Plaintiff's UCSD hospital medical and billing records. |
| Person Most Knowledgeable re Billing<br>UCSD Health<br>9300 Campus Point Drive<br>La Jolla, CA 92037<br>(858) 657-7000 | The PMK-Billing may testify regarding Plaintiff's UCSD Health's billing records and the reasonable and customary charges for the services rendered. |
| Custodian of Records<br>Jacob Health Care Center<br>4075 54th St.<br>San Diego, CA 92105<br>(619) 582-5168 | The Custodian of Records may testify regarding Plaintiff's Jacob Health Care Center medical and billing records. |
| Person Most Knowledgeable re Billing<br>Jacob Health Care Center<br>4075 54th St.<br>San Diego, CA 92105<br>(619) 582-5168 | The PMK-Billing may testify regarding Plaintiff's Jacob Health Care Center billing records and the reasonable and customary charges for the services rendered. |
| Custodian of Records<br>Alvarado Hospital Medical Center<br>6655 Alvarado Rd.<br>San Diego, CA 92120 | The Custodian of Records may testify regarding Plaintiff's Alvarado Hospital Medical Center medical and billing records. |

| | |
|---|---|
| Person Most Knowledgeable re Billing<br>Alvarado Hospital Medical Center<br>6655 Alvarado Rd.<br>San Diego, CA 92120 | The PMK-Billing may testify regarding Alvarado Hospital Medical Center's billing records and the reasonable and customary charges for the services rendered. |
| Custodian of Records<br>Select Specialty Hospital<br>555 Washington Street<br>San Diego, CA 92103<br>(619) 260-8300 | The Custodian of Records may testify regarding Plaintiff's Select Specialty Hospital medical and billing records. |
| Custodian of Records<br>Psychiatric Hospital of San Diego<br>3853 Rosecrans St.<br>San Diego, CA 92110<br>(619) 692-8200 | The Custodian of Records may testify regarding Plaintiff's Psychiatric Hospital of San Diego medical records. |
| Custodian of Records<br>State of California<br>Department of Health Care Services<br>P.O. Box 997425<br>Sacramento, CA 95899<br>(916) 445-9891 | The Custodian of Records may testify regarding any Medi-Cal lien for medical services rendered to Mr. Guy. |
| Custodian of Records<br>San Diego Police Department<br>San Diego CA | The Custodian of Records may testify regarding the Policies and Procedures of the SDPD in effect preceding and at the time of the incident |
| SDPD Officer Mike Garcia<br>c/o Defense Counsel | SDPD Officer Garcia may testify regarding accident investigation |
| SDPD Officer James W. Ryan<br>c/o Defense Counsel | SDPD Officer Ryan may testify regarding accident investigation |
| Paul MacIntyre<br>c/o Defense Counsel | SDPD officer may testify as a percipient witness |
| Christopher Senior<br>C/O Defense Counsel | SDPD officer may testify as a percipient witness to the facts and circumstances surrounding the February 28, 2019 incident. |
| Cory Sims<br>C/O Defense Counsel | SDPD officer may testify as a percipient witness to the facts and circumstances surrounding the February 28, 2019 incident. |
| Sgt. D. Rozsa | SDPD Sgt. Rozsa may testify regarding accident/collision investigation |

| | |
|---|---|
| SDPD<br>C/o Defense Counsel | |
| Det. G. Voss<br>SDPD<br>c/o Defense Counsel | SDPD Det. Voss may testify regarding traffic/collision investigation |

**(a) Exhibits Plaintiff expects to offer at trial:**

| Exhibit | Date Marked | Date Admitted | Description |
|---|---|---|---|
| 1 | | | Video of Mr. Guy in 7-11 (DEF 0241) |
| 2 | | | 911 Call to Dispatch by Ralph Guest (DEF 0233) |
| 3 | | | Photo of 7-11 cracked door (DEF 0128) |
| 4 | | | Photo of cracked door (DEF 0129) |
| 5 | | | Photo of 7-11 Door (DEF 0130) |
| 6 | | | Door shattered glass (DEF 0131) |
| 7 | | | Photo of cracked glass (DEF 0134) |
| 8 | | | Dispatch Audio (DEF 0232-0240) |
| 9 | | | Dispatch Event Transcript (DEF 0050-0069) |
| 10 | | | Notes and diagrams of scene (DEF 0017-0025) |
| 11 | | | Map/Diagrams/enlarged Photo of scene at Rosecrans-Midway intersection |
| 12 | | | Another overhead view of Rosecrans-Midway intersection and traffic lanes |
| 13 | | | Photo of Brady SUV (DEF 0137) |
| 14 | | | Photo of Brady SUV (DEF 0142) |
| 15 | | | Photo of Brady SUV (DEF 0145) |
| 16 | | | Photo of Brady SUV (DEF 0146) |
| 17 | | | Video of scene –Computer Geek 3555 Midway (DEF 0242) |
| 18 | | | Traffic investigation report (DEF 0012-0025) |

| Exhibit | Date Marked | Date Admitted | Description |
|---|---|---|---|
| 19 | | | Photo of scene (DEF 0188) |
| 20 | | | Photo of scene (DEF 0193) |
| 21 | | | Photo of scene (DEF 0205) |
| 22 | | | Photo of scene (DEF 0208) |
| 23 | | | Photo of scene (DEF 0209) |
| 24 | | | Photo of scene (DEF 0211) |
| 25 | | | Photo of scene (DEF 0212) |
| 26 | | | Photo of scene (DEF 0217) |
| 27 | | | Photo of scene (DEF 0224) |
| 28 | | | Photo of scene (DEF 0225) |
| 29 | | | Photo of scene (DEF 0231) |
| 30 | | | Investigative report (DEF 0030-0031) |
| 31 | | | Video showing Mr. Guy after impact, body worn camera of scene, Officer Lorenzen (DEF 0244) |
| 32 | | | SDPD Manual of Policies and Procedures in effect at time of incident (DEF 0251-0571) |
| 33 | | | SDPD Manual of Policies and Procedures – "pursuit policy" - 1.03 and procedures (DEF 0316) |
| 34 | | | SDPD Manual of Policies and Procedures – pursuit policy – (DEF 0289-0299) |
| 35 | | | SDPD Manual of Policies and Procedures – "Use of Force" – 1.04 and related procedures (DEF 0251-0262) |
| 36 | | | SDPD Manual of Policies and Procedures – use of force – DEF 0316 |
| 37 | | | Photos of Deovante Guy in Hospital at UCSD – in bed full length with equipment |
| 38 | | | Photo of Deovante Guy in UCSD |

| Exhibit | Date Marked | Date Admitted | Description |
|---|---|---|---|
| | | | Hospital (DEF 0153) |
| 39 | | | Photo of Deovante Guy in hospital close up (DEF 0169) |
| 40 | | | Photo of Deovante Guy in hospital close up (DEF 0170) |
| 41 | | | Photo of Deovante Guy in hospital in halo |
| 42 | | | Photo of Doevante Guy at Jacob Health care – various stages of treatment |
| 43 | | | Photo of Deovante Guy at Jacob Health care with teddy bear |
| 44 | | | Photo of Deovante Guy with his newborn daughter and Patricia Curtis, mother of his child |
| 45 | | | Tort Claim filed against City of San Diego |
| 46 | | | Portions of UCSD Health Records showing operative reports (Pages 70-78 and other relevant pages) |
| 47 | | | Portions of UCSD Health Records showing various consult notes |
| 48 | | | Portions of UCSD Health Records showing Discharge Summaries |
| 49 | | | Portions of UCSD Health Records showing operative reports |
| 50 | | | Portions of UCSD Health Records showing Summaries of treatment |
| 51 | | | Attending Initial Consult Note Attestation, 3/01/19, UCSD Health (Record pages 82-96) |
| 52 | | | Palliative Care Consult Note by Heidi Yeung MD and Christopher Onderdonk LCSW, UCSD Health (Record Pages 129-133) |
| 53 | | | Discharge Summary UCSD Health (Record Pages 145-150) |

| Exhibit | Date Marked | Date Admitted | Description |
|---|---|---|---|
| 54 | | | Code blue called 4-5-19 while in UCSD Health (Record page 153) |
| 55 | | | Medical billing records for care of Deovante Guy at UCSD Health |
| 56 | | | Medical Records of Deovante Guy from Jacob Health Care Center |
| 57 | | | Portions of Jacob Health Care Center Records showing summaries and updates of care |
| 58 | | | Portions of Jacob Health Care center Records showing current care and treatment summaries |
| 59 | | | Medical billing records for care of Deovante Guy from Jacob Health Care Center |
| 60 | | | Medical Records of Deovante Guy from Alvarado Hospital Medical Center |
| 61 | | | Portions of Medical Records of Mr. Guy from Alvarado Hospital Medical Center showing summary of treatment |
| 62 | | | Medical billing records for care of Deovante Guy at Alvarado Hospital Medical Center |
| 63 | | | Medical records of Deovante Guy from Select Specialty Hospital |
| 64 | | | Portions of medical records of Mr. Guy's treatment from Select Special Hospital showing summary of treatment |
| 65 | | | Medical billing records for care of Deovante Guy at Select Specialty Hospital |
| 66 | | | County of San Diego Mental Health Records, Deovante Guy |
| 67 | | | Medi-Cal Lien or other evidence |

| Exhibit | Date Marked | Date Admitted | Description |
|---|---|---|---|
| | | | of the amount paid by Medi-Cal for medical services |
| 68 | | | Andra Nebel R.N. Life Care Plan |
| Reserved | | | |
| Reserved | | | |
| Reserved | | | |
| Reserved | | | |

**(b)** **Exhibits Plaintiff does not expect to offer at this time but reserves the right to offer if necessary:**

| Exhibit | Date Marked | Date Admitted | Description |
|---|---|---|---|
| 69 | | | Dispatch call to Co. environmental (DEF 0239) |
| 70 | | | Call from SDPD to Joey (or Justin) (Harmony Environmental and Biohazard Services)for blood clean up and from Harmony to SDPD (DEF 0240) |
| 71 | | | Expert report/file Roger Clark |
| 72 | | | Expert report/file Dr. Patterson |
| 73 | | | Expert report/file Dr. Ward |
| 74 | | | Expert report/file Andrea Nebel, R.N. |
| 75 | | | Expert report/file Kristin Spoon |
| 76 | | | Senior report (DEF 0039-0049) |
| 77 | | | Defendant Matthew Lorenzen's Responses to Plaintiff's Request for Production of Documents, Set One |
| 78 | | | Defendant Matthew Lorenzen's Responses to Plaintiff's Interrogatories, Set One |
| 79 | | | Defendant Matthew Lorenzen's Responses to Plaintiff's Request for Admissions, Set One |

| Exhibit | Date Marked | Date Admitted | Description |
|---------|-------------|---------------|-------------|
| 80 | | | Defendant City of San Diego's Responses to Plaintiff's Requests for Production of Documents, Set One |
| 81 | | | Defendant City of San Diego's Responses to Plaintiff's Interrogatories, Set One |
| 82 | | | Defendant City of San Diego's Responses to Plaintiff's Requests for Admissions, Set One |
| 83 | | | Defendant Paul MacIntyre's Responses to Plaintiff's Request for Production of Documents, Set One |
| 84 | | | Defendant Paul MacIntyre's Responses to Plaintiff's Interrogatories, Set One |
| 85 | | | Defendant Christopher Senior's Responses to Plaintiff's Request for Production of Documents, Set One |
| 86 | | | Defendant Christopher Senior's Responses to Plaintiff's Interrogatories, Set One |
| 87 | | | Defendant Cory Sim's Responses to Plaintiff's Request for Production of Documents, Set One |
| 88 | | | Defendant Cory Sims Responses to Plaintiff's Interrogatories, Set One |
| 89 | | | Lorenzen Training Records (0572-0759) |
| 90 | | | California POST Basic Learning Domain #1 Leadership, Professionalism & Ethics |
| 91 | | | California POST Basic Learning Domain #2 Criminal Justice |

15

| Exhibit | Date Marked | Date Admitted | Description |
|---------|-------------|---------------|-------------|
|         |             |               | System |
| 92      |             |               | California POST Basic Learning Domain # 20 Use of Force |
| 93      |             |               | California POST Basic Learning Domain # 20 Use of Force |
| 94      |             |               | California POST Basic Learning Domain #21 Patrol Techniques |
| 95      |             |               | California POST Basic Learning Domain #23 Crimes in Progress |
| 96      |             |               | California POST Basic Learning Domain #33 Arrest Methods/Defensive Tactics |
| 97      |             |               | California POST Basic Learning Domain #34 First Aid, CPR and AED |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Attachment B**

27
28

1 | Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 | Lisa Y. An, State Bar No. 242918
E-Mail: lan@hurrellcantrall.com
3 | Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrellcantrall.com
4 | HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
5 | Los Angeles, California 90017
Telephone: (213) 426-2000
6 | Facsimile: (213) 426-2020

7 | Attorneys for Defendants MATTHEW LORENZEN, and CITY OF SAN DIEGO

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| DEOVANTE L. GUY, BY AND THROUGH GUARDIAN AD LITEM FOR DEOVANTE GUY, QUINTASIA WALKER, | CASE NO. 3:20-CV-02027-BAS-BLM |
|---|---|
| Plaintiff, | **DEFENDANTS' WITNESS LIST** |
| v. | [Assigned to Judge Cynthia Bashant, Courtroom "4B"] |
| MATTHEW LORENZEN, an Individual; THE CITY OF SAN DIEGO, A governmental entity; PAUL MACINTYRE, An Individual; CHRISTOPHER SENIOR, An Individual; CORY SIMS, An Individual, and DOES 4-50, | Action Filed:    10/15/2020<br>Trial:    09/26/2023 |
| Defendants. | |

| Name | Address | Substance of Testimony / Expert Qualifications |
|---|---|---|
| | | |
| Defendant Matthew Lorenzen | May be contacted through defense counsel | Defendant officer in this matter. Defendants intend to call. |
| Ralph Guest | 864 Grand Avenue, Apt. #332 San Diego, CA 92109; (619) 962- | Witness to events at 7-11 prior to subject collision.  Mr. Guest was the Clerk working at the 7-11 who called dispatch. |

| Name | Address | Substance of Testimony / Expert Qualifications |
|---|---|---|
|  | 9087 | Defendants intend to call. |
| Paul Lough | 1286 University Avenue San Diego, CA 92103; (619) 994-3202 | Witness to events at 7-11 prior to subject collision. Mr. Lough was a customer in the 7-11. Defendants intend to call if needed. |
| John Adam | 1965 Oliver Avenue San Diego, CA 92109; (858) 336-1033 | Percipient witness to events at 7-11 prior to subject collision. Mr. Adam was a customer in the 7-11. Defendants intend to call if needed. |
| Officer Paul MacIntyre | May be contacted through defense counsel | Responding officer and percipient witness to the facts, events and circumstances surrounding, and/or concerning the February 28, 2019 incident. Officer MacIntyre is expected to testify regarding facts in support of defenses asserted in the case, and Plaintiff's allegations made in the complaint and all claims made in this lawsuit. Defendants intend to call. |
| Officer Christopher Senior | May be contacted through defense counsel | Responding officer and percipient witness to the facts, events and circumstances surrounding, and/or concerning the February 28, 2019 incident. Officer Senior is expected to testify regarding facts in support of defenses asserted in the case, and Plaintiff's allegations made in the complaint and all claims made in this lawsuit. Defendants intend to call. |
| Officer Cory Sims | May be contacted through defense counsel | Responding officer and percipient witness to the facts, events and circumstances surrounding, and/or concerning the February 28, 2019 incident. Officer Sims is expected to testify regarding facts in support of defenses asserted in the case, and Plaintiff's allegations made in the complaint and all claims made in this lawsuit. |

| Name | Address | Substance of Testimony / Expert Qualifications |
|------|---------|-----------------------------------------------|
| | | Defendants intend to call. |
| Nicholas Heim | 8935 Granby USN/E-5 Norfolk, VA 23503; (620)474-4442 | Witness in the southbound lanes of Rosecrans St. at the time of the subject collision. Defendants intend to call. |
| John Antonio | Naval Base Point Loma; (619) 254-8102 | Witness in the southbound lanes of Rosecrans St. at the time of the subject collision. Defendants intend to call if needed. |
| Carol Maniglia | 25950 Beth Drive Menifee, CA 92584; (619) 972-6130 | Witness in the southbound lanes of Rosecrans St. at the time of the subject collision. Defendants intend to call. |
| Tanya Daley-Torres | 2676 Worden Street, Unit 64 San Diego, CA 92110; (619) 474-4442 | Witness in the northbound lanes of Rosecrans St. at the time of the subject collision. Defendants intend to call. |
| Annie Brady (Defendant dismissed by plaintiff) | 622 Bush Lane San Marcos, CA 92069; (858) 414-7434 | Defendant driver of white Toyota Highlander that struck Plaintiff Guy and Officer Lorenzen. Defendants intend to call. |
| Officer Adam DeWoody | May be contacted through defense counsel | Officer DeWoody arrived on scene after Sims, Senior and MacIntyre. Officer DeWoody interviewed Tanya Daley-Torres |
| Sgt. Pat Hall | May be contacted through defense counsel | Sgt. Hall arrived on scene after Sims, Senior and MacIntyre. Defendants intend to call. |
| Officer Addison Reeves | May be contacted through defense counsel | Officer Reeves arrived on scene after Sims, Senior and MacIntyre. Defendants intend to call if needed. |
| Officer Darius Jamsetjee | May be contacted through defense counsel | Officer Jamsetjee arrived on scene after Sims, Senior and MacIntyre. Defendants intend to call if needed. |
| Detective Jeffrey Wuehler | May be contacted through defense counsel | Det. Wuehler conducted the investigation of SDPD crime case #19-006584/ Incident #19020043221. Defendants |

| Name | Address | Substance of Testimony / Expert Qualifications |
|---|---|---|
| | | intend to call. |
| Sgt. Rozsa | May be contacted through defense counsel | San Diego Police Department Collision Bureau Scene Supervisor. Defendants intend to call if needed. |
| Officer Matthew Koerber | May be contacted through defense counsel | San Diego Police Department Collision Bureau Lead Investigator. Defendants intend to call if needed. |
| Captain Matthew Moe, Jabe Harpole, Zachary Richardson, Alexander Uribe, - SDFD Firefighters Paramedics/EMTs Units T20, M20, M11 | Station 10 - 3305 Kemper Street San Diego, CA; Station 11 - 945 25th St, San Diego, CA 92102 | San Diego Fire Department Firefighters Paramedics/EMTs. Defendants intend to call if needed. |
| American Medical Response Personnel, Paramedics/EMTs | 8808 Balboa Ave Suite 150, San Diego, CA 92123; (858) 492-3540 | Paramedics/EMTs.  Defendants intend to call if needed. |
| Emergency Room/treating medical personnel at UCSD Medical Center | 200 W. Arbor Drive San Diego, CA 92103; (858) 657-7000 | Hospital personnel where Plaintiff was transported for treatment. Defendants intend to call if needed. |
| Emergency Room/treating medical personnel at Scripps Mercy Hospital | 4077 Fifth Ave, San Diego, CA 92103; (619) 294-8111 | Hospital personnel where Officer Lorenzen was transported for treatment. |
| Treating medical personnel at Jacobs Medical Center | 4075 54th St, San Diego, CA 92105; (619) 582-5168 | Hospital personnel where Plaintiff resides and receives in patient care treatment. Defendants intend to call if needed. |
| Brian Belnap, D.O. | May be contacted through defense counsel | Defendants' medical expert who is expected to testify regarding his review of plaintiff's medical records, medical exam of plaintiff and his opinions regarding plaintiff's injuries and need for future care. Dr. Belnap is a double board-certified specialist in the fields of Pain Management and Rehabilitation Medicine.  He completed his |

| Name | Address | Substance of Testimony / Expert Qualifications |
|------|---------|-----------------------------------------------|
| | | undergraduate training at Brigham Young University in Provo, Utah and medical school at Midwestern University in Glendale, Arizona. He completed his residency in Physical Medicine and Rehabilitation at Walter Reed Army Medical Center in Washington DC followed by a fellowship in Pain Management at UC Davis Medical Center in Sacramento, California. Defendants intend to call. |
| Holly Allman, DNP RN | May be contacted through defense counsel | Defendants' life care planner who is expected to testify regarding her review of plaintiff's medical records, her life care plan and her opinions regarding plaintiff's future care and costs. Dr. Allman is Certified Life Care Planner and Doctor of Nursing Practice. She received her Doctor of Nursing Practice form the University of Arizona in 2019. She graduated from Samuel Merritt University cum laude with a Bachelor of Science in Nursing and she earned a Bachelor of Arts in Environmental Science from the University of California, Berkeley. Defendants intend to call. Defendants intend to call. |
| Paul Cappitelli | May be contacted through defense counsel | Defendants' police practices expert. Mr. Cappitelli is a career law enforcement professional with over 43 years of experience. He served with the San Bernardino County Sheriff's Department ("SBSD") for 29 years, retiring at the rank of Captain. Mr. Cappitelli will testify about the grounds that existed to detain and arrest Plaintiff during the subject incident, and will address whether the alleged use of force was reasonable. He will offer an expert opinion regarding |

| Name | Address | Substance of Testimony / Expert Qualifications |
|---|---|---|
| | | whether Defendant(s) acted in accordance with training, policies, and the standards expected of police officers. Where appropriate, Mr. Cappitelli will provide rebuttal testimony or respond to or critique the opinions offered by Plaintiffs' expert witnesses as those opinions relate to his area of expertise. Defendants intend to call. |
| Stephen Blewett, P.E. | May be contacted through defense counsel | Defendants' accident reconstructionist who is expected to testify regarding his accident reconstruction and opinions regarding the subject accident, including but not limited to the speeds and trajectory at which the subject vehicle driven by Annie Brady was traveling at relevant points in time prior to during and after the subject accident, the lanes of travel, angles of impact, and other logistical elements of the subject accident. Mr. Blewett is a registered professional engineer with over 40 years of experience in accident reconstruction and analysis. He obtained a Bachelor of Science in Engineering from California State University Los Angeles in 1972, and his Master's Degree in Mechanical Engineering from the University of Southern California in 1974. He has received continuing education in computer simulation involving vehicle dynamics and accident reconstruction in areas like EDCRASH, EDSMAC, HVE FORUM. In 1990, he obtained training in Investigation of Motorcycle Accidents from the Institute of Police Technology and Management, University of North Florida. He is also trained in McHenry Accident Reconstruction. Mr. Blewett |

| Name | Address | Substance of Testimony / Expert Qualifications |
|---|---|---|
| | | belongs to a number of professional associations including American Society of Mechanical Engineers (ASME) and National Association of Professional Accident Reconstruction Specialists (NAPARS). Mr. Blewett has been a consultant in vehicular and industrial reconstruction from 1972 to present. Defendants intend to call. |
| Erik Lapporte | May be contacted through defense counsel | Defendants' video and audio expert who will offer his opinions regarding his work and analysis. synchronization and enhancement of the video and audio file evidence in this matter. Erik Lapporte is an audio and video technician and Audio Visual Forensic Expert, specializing in the analysis of audio and visual media through the use of digital media software to enhance the quality of audio and video files providing improved clarity of recorded sounds and images. Mr. Lapporte has been a panel expert approved by the Los Angeles Superior Court for Audio/Video Forensics, Audio Enhancement/Analysis, Musicology, Transcription of Inaudible Material. On Panel since 2001. Defendants intend to call. |
| David Weiner, MBA, AM | May be contacted through defense counsel | Defendants' economist who will testify regarding economic damages and losses and related matters as alleged by Plaintiffs. Mr. Weiner received his Bachelor of Science in Business Administration from the University of California, Berkeley, and his Masters of Business Administration in Marketing and Entrepreneurial Management from The Wharton School, University of |

| Name | Address | Substance of Testimony / Expert Qualifications |
|------|---------|------------------------------------------------|
|      |         | Pennsylvania.  Mr. Weiner has extensive experience in the areas of economic analysis, forensic accounting and business valuation. Defendants intend to call. |

DATED:  July 17, 2023                    HURRELL CANTRALL LLP


By:  _____ *Joseph K. Miller* _____
     THOMAS C. HURRELL
     LISA Y. AN
     JOSEPH K. MILLER
     Attorneys for Defendants MATTHEW
     LORENZEN, and CITY OF SAN DIEGO

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Attachment C**

27
28

1 | Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
2 | Lisa Y. An, State Bar No. 242918
E-Mail: lan@hurrellcantrall.com
3 | Joseph K. Miller, State Bar No. 245685
E-Mail: jmiller@hurrellcantrall.com
4 | HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
5 | Los Angeles, California 90017
Telephone: (213) 426-2000
6 | Facsimile: (213) 426-2020

7 | Attorneys for Defendants MATTHEW LORENZEN, and CITY OF SAN DIEGO

8

9 | **UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | DEOVANTE L. GUY, BY AND

12 | THROUGH GUARDIAN AD LITEM FOR DEOVANTE GUY, QUINTASIA

13 | WALKER,

14 |          Plaintiff,

15 |     v.

16 | MATTHEW LORENZEN, an Individual; THE CITY OF SAN

17 | DIEGO, A governmental entity; PAUL MACINTYRE, An Individual;

18 | CHRISTOPHER SENIOR, An Individual; CORY SIMS, An

19 | Individual, and DOES 4-50,

20 |          Defendants.

CASE NO. 3:20-CV-02027-BAS-BLM

**DEFENDANTS' EXHIBIT LIST**

[Assigned to Judge Cynthia Bashant, Courtroom "4B"]

Action Filed:    10/15/2020
Trial:           09/26/2023

21

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

2

| Exhibit | Date Marked | Date Admitted | Description of Document |
|---------|-------------|---------------|------------------------|
| A | | | 7-11 CCTV DEF0241 |
| B | | | Computer Geek 911 CCTV DEF0242 |
| C | | | Dispatch Audio DEF0232-0240 Confidential |
| D | | | Senior BWV DEF0249 Confidential |
| E | | | Sims BWV DEF0250 Confidential |
| F | | | MacIntyre BWV DEF0246 Confidential |
| G | | | Hall BWV DEF0244 Confidential |
| H | | | DeWoody BWV DEF0243 Confidential |
| I | | | Reeves BWV DEF0247/0248 Confidential |
| J | | | Jarnsetjee BWV DEF0245 Confidential |
| K | | | Photographs 7-Eleven (7) DEF0127-0134 |
| L | | | Photographs Vehicle (18) DEF0135-0152 |
| M | | | Photographs (18) DEF0153-0170 |
| N | | | Photographs (17) DEF0171-0187 |
| O | | | Photographs Rosecrans (44) DEF0188-0231 |
| P | | | Wuehler Report DEF 0001-0008 |

3

| | | | |
|---|---|---|---|
| | | | Confidential |
| Q | | | Garcia Report DEF 0009-0010 Confidential |
| R | | | James Report DEF 0011 Confidential |
| S | | | Koerber Report DEF 0012-0025 Confidential |
| T | | | MacIntyre Report DEF 0026-0027 Confidential |
| U | | | Rivera Report DEF 0028-0036 Confidential |
| V | | | Rocha Report DEF 0037-0038 Confidential |
| W | | | Senior Report DEF 0039-0040 Confidential |
| X | | | SDFD CAD Incident Detail Report DEF 0043-0049 Confidential |
| Y | | | SDPD CAD Dispatch Event Chronology DEF 0050-0069 Confidential |
| Z | | | SDPD CAD Unit History DEF 0070-0119 Confidential |
| AA | | | Arrest File DEF0120-0126 Confidential |
| AB | | | Evidence Legend DEF0127 Confidential |
| AC | | | Personnel File Confidential DEF0572-0759 |

| | | | |
|---|---|---|---|
| AD | | | SDPD Policies DEF0251-0571 |
| AE | | | Plaintiff's Medical Records/Billing |
| AF | | | Paul Cappitelli Expert File/Report |
| AG | | | Stephen Blewett, P.E. Expert File/Report/Accident Reconstruction |
| AH | | | Erik Lapporte Expert File/Report/Video& Audio Sync |
| AI | | | Brian Belnap, D.O. Expert File/Report |
| AJ | | | Holly Allman, DNP, RN Expert File/ Report/ Life Care Plan |
| AK | | | David Weiner, MBA, AM Expert File/ Report |
| AL | | | Reserved |
| AM | | | Reserved |
| AN | | | Reserved |
| AO | | | Reserved |
| AP | | | Reserved |
| AQ | | | Reserved |

DATED:  July 17, 2023              HURRELL CANTRALL LLP


By:  _____
                   *Joseph K. Miller*
     THOMAS C. HURRELL
     LISA Y. AN
     JOSEPH K. MILLER
     Attorneys for Defendants MATTHEW
     LORENZEN, and CITY OF SAN DIEGO