# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEOVANTE L. GUY,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW LORENZEN, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 20-cv-2027-BAS-BLM<br><br>**ORDER GRANTING PETITION TO APPROVE GOOD FAITH COMPROMISE ON BEHALF OF INCOMPETENT PLAINTIFF**<br>**[ECF Nos. 117, 118]** |

Presently before the Court is Plaintiff's motion to confirm the settlement agreement and settlement schedule entered into on behalf of Plaintiff Deovante L. Guy, an incompetent adult. (ECF Nos. 117, 118.) Because the settlement involves an incompetent plaintiff, Plaintiff requests the Court to approve the settlement. Defendants City of San Diego and Matthew Lorenzen oppose the motion as defective and incomplete. (ECF No. 119.) For the reasons herein, the Court approves the settlement.

## I.   Background

A fulsome summary of the facts of this case can be found in the Court's August 22, 2023 Final Pretrial Order. (ECF No. 96.) This case arises out of a catastrophic injury accident on February 28, 2019 where Plaintiff Deovante Guy and San Diego Police Officer

Matthew Lorenzen were struck by an SUV. (*Id.* at 1.) The parties dispute what occurred prior to Plaintiff and Lorenzen being struck by the car, but as a result of the incident, Plaintiff suffered multiple severe life-threatening and permanent injuries that will require 24-hour care for the rest of his life. (*Id.*) Plaintiff, through his Guardian ad Litem Quintasia Walker, because he is legally incompetent, sued the City of San Diego, the driver of the SUV, and Lorenzen. (*Id.*) Plaintiff, through his Guardian, settled his case against the driver of the SUV for $100,000. (ECF No. 15.) The Court approved that settlement as fair and reasonable. (ECF No. 16.) On the eve of trial, on September 21, 2023, the City of San Diego and Lorenzen settled with Plaintiff for $8 million and for each party to bear its own attorneys' fees and costs. (ECF No. 117-2 at 2–3.) On January 26, 2024, Plaintiff, by and through his Guardian, submitted a petition now before the Court to approve the settlement with the City of San Diego and Lorenzen on behalf of the incompetent Plaintiff and to approve the associated settlement statement. (ECF No. 117.) On February 2, 2024, Defendant the City of San Diego responded and claimed the petition was deficient. (ECF No. 119.)

## II.   Legal Standard

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors [or incompetent]." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) requires a district court to issue an "appropriate order . . . to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). Additionally under the Local Rules of the Southern District of California, "[n]o action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." S.D. Cal. L.R. 17.1(a).

Pursuant to this duty, for proposed settlements in cases involving incompetent plaintiffs, the Ninth Circuit has instructed district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638

F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). This charge "requires only that the district court consider whether the net recovery of each [incompetent] plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. "So long as the net recovery to each [incompetent] plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

### III. Discussion

The Court finds the gross settlement amount of $8 million is fair and reasonable. While not dispositive, Plaintiff's Guardian believes the settlement is reasonable. (ECF No. 117 at 5.) Having considered the settlement amounts approved in similar cases and the facts of this case, the Court agrees. *See Rainey v. Cnty. of San Diego*, No. 19-CV-1650-L(BLM), 2023 WL 2626274, at *4 (S.D. Cal. Mar. 24, 2023) (finding a settlement of $9.5 million is fair and reasonable for an incompetent adult's claim for a jail facility injury that resulted in lifelong neurological and physical injuries requiring specialized medical care); *Hill v. City of Chicago*, No. 19 L 6339, 2022 WL 16859638, at *1 (Ill. Cir. Ct. Sept. 30, 2022) (entering a $4.5 million jury verdict for a plaintiff who suffered severe neurological and physical injuries following a police crash during pursuit of a suspect); *I.F. v. City of Vallejo*, No. 20-MC-80075-LB, 2020 WL 6997177, at *2 (N.D. Cal. Sept. 14, 2020) (finding a settlement of $5.7 million is fair and reasonable in the wrongful death of plaintiff's father caused by police). The thorny facts of this case also affirm the gross settlement amount is fair and reasonable. It is disputed as to what actually happened during a critical foot pursuit by officers that resulted in Plaintiff being struck by an oncoming SUV. (ECF No. 117-1 at 7.) Plaintiff may also have been engaging in a criminal act precipitating law enforcement's arrival on the scene. (*Id.* at 10.)

Defendants do not dispute that Plaintiff's gross recovery is fair and reasonable in light of the facts and circumstances of his case. However, Defendants challenge the distribution of net proceeds from the settlement. (ECF No. 119 at 4.) Defendants contend

that the cost of Plaintiff's future medical needs outstrip the net proceeds Plaintiff would receive once attorneys' fees and Plaintiff's Medi-Cal lien are accounted for such that the settlement is unfair or unreasonable. (*Id.* at 6.)

Removing attorneys' fees and reimbursement for litigation costs, Plaintiff would net approximately $4.78 million minus the cost of his Medi-Cal lien. Although the exact amount of Plaintiff's Medi-Cal lien has not yet been determined, this prospective net amount is fair and reasonable. First, the method of disbursement will protect Plaintiff's future medical needs. Plaintiff's Guardian has established a Special Needs Trust for the protection of Plaintiff's funds. (ECF No. 117 at 5.) Placement of the net proceeds into the Special Needs Trust will protect his eligibility for public assistance and insurance programs. *See Murphy v. Modesto City Schools*, No. 1:22-CV-01481-HBK, 2023 WL 6060044, at *4 (E.D. Cal. Sept. 18, 2023) (discussing use of a special needs trust to maintain public assistance program eligibility); *Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1245 (E.D. Cal. 2016) (discussing administration of a special needs trust to maintain eligibility for insurance enrollment in Medi-Cal).

Second, Plaintiff's Guardian, as designated and monitored by the California State Superior Court, is responsible for arranging his care. Plaintiff's Guardian will have ongoing fiduciary duties to Plaintiff to enroll him in insurance, manage his finances, and arrange for his rehabilitative and medical care. Third, Plaintiff's future estimated medical costs are commensurate to his net award when those proceeds are invested in appropriate annuities by the Special Needs Trust. *See Rainey*, 2023 WL 2626274, at *9 (discussing the purchase of annuities to fund future medical expenses that exceed the present face value of the net settlement proceeds). Accordingly, the Court finds the net proceeds from the settlement are fair and reasonable to Plaintiff.

The Court finds Plaintiff's attorneys' fees and associated costs as part of the settlement statement are also fair and reasonable. *See* Cal. Prob. Code § 3601; Cal. Rule of Ct. 7.955. To assess whether a request for attorneys' fees is reasonable, the Court may consider factors including: (1) the amount of the fee in proportion to the value of services

performed; (2) the difficulty of the questions involved, the monetary amount involved, and the results obtained; (3) the experience and ability of the attorney; (4) the time and labor required; and (5) the risk of loss borne by the attorney in contingency fee cases. Cal. Rule of Ct. 7.955. Courts should not place undue emphasis on the amount of attorneys' fees when assessing a plaintiff's recovery as part of a proposed settlement. *Robidoux*, 638 F.3d at 1181–82.

Plaintiff entered into a contingency fee arrangement with Plaintiff's counsel where forty percent of any recovery would be paid to Plaintiff's attorneys if the case goes to trial or settles within ninety days of trial. (ECF No. 117-1 at 4.) That fee amounts to $3.2 million here. (ECF No. 117-4.) A forty percent contingency fee is not generally unreasonable in these sort of cases. *See, e.g.*, *MaCedo v. Santa Ana Police Department Officer David Prewett*, No. SACV 17-01676-CJC, 2019 WL 13240644, at 2 (C.D. Cal. Apr. 5, 2019) (discussing a forty percent contingency fee in assessing a minor's settlement). Nor is that fee unreasonable here given the parameters of this case. Plaintiff's attorneys dedicated over 6,360 hours of legal work over three years. (ECF No. 117-1 at 4.) Plaintiff's attorneys bore the risk of the litigation and advanced over $70,000 in costs. (*Id.* at 5.) Plaintiff's attorneys represented him and obtained dismissals for Plaintiff's criminal charges related to this matter. (*Id.*) The legal and factual issues of this case were heavily disputed and included protracted discovery including surveillance footage and multiple witnesses' accounts. (ECF No. 117-1 at 8.) Given the work involved and the risks inherent to this representation, the Court finds the attorneys' fees as agreed to in Plaintiff's retainer to be appropriate and fair.

### IV. Conclusion

For the foregoing reasons, Plaintiff's petition for an order approving the settlement and the settlement schedule is **GRANTED**. (ECF Nos. 117, 118.) The Court **HEREBY ORDERS** that:

1. The settlement funds should be disbursed as follows: attorneys' fees in the total amount of $3,240,000.00 shall be paid to Plaintiff's counsel as attorneys' fees to

Plaintiff's attorneys Alvin L. Pittman, Tanisha Bostick, and Douglas A. Oden; $50,841.50 shall be disbursed for costs incurred to Alvin Pittman as Plaintiff's attorney; $25,333.80 shall be disbursed for costs incurred to Douglas A. Oden as Plaintiff's attorney; and $2,221.61 shall be disbursed for costs incurred to Tanisha Bostick as Plaintiff's attorney. The balance of the settlement after payment of attorneys' fees and costs is $4,782,754.44.

2. Plaintiff's net recovery of $4,782,754.44 shall be deposited by his Guardian, Quintasia Walker, in a blocked account at a federally insured deposit institution. Upon approval of the Special Needs Trust by the California State Superior Court, Plaintiff's Guardian is directed to transfer those funds to the Special Needs Trust for administration by the Trust's trustee or co-trustees.

3. The Court shall retain jurisdiction to enforce this settlement.

The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: February 26, 2024**

Hon. Cynthia Bashant
United States District Judge