1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   DEOVANTE L. GUY, *by and through*
     *Guardian Ad Litem for Deovante Guy,*
12   *Quintasia Walker*,

13                                          Plaintiff,

14        v.

15   MATTHEW LORENZEN., *et. al*,

16                                          Defendants.

17

18

Case No. 20-cv-02027-BAS-BLM

**ORDER GRANTING PARTIES'
JOINT MOTION FOR
REDIRECTING THE SETTLEMENT
FUNDS AND REMOVING
QUINTASIA WALKER AS
GUARDIAN AD LITEM OF
DEOVANTE L. GUY (ECF No. 124)**

19
20        Following the Court's Order Approving Payment Allocation Stipulation (ECF No.
21   123), Plaintiff Deovante L. Guy and Defendants Matthew Lorenzen and the City of San
22   Diego filed a Joint Motion for Order Redirecting the Issuance of Settlement Funds and
23   Removing Quintasia Walker as Guardian Ad Litem of Deovante L. Guy ("Joint Motion").
24   (ECF No. 124.)  For the reasons herein, the Court **GRANTS** Parties' Joint Motion.

25

## BACKGROUND

26        On May 13, 2024, the Court approved Plaintiff's petition for an order approving the
27   settlement and settlement schedule.  (ECF No. 123.)  The Court thereby ordered a check
28

- 1 -

with settlement funds of $4,782,754.44 made payable to THE DEOVANTE GUY SPECIAL NEED TRUST to be deposited in a special needs trust account in a federally insured deposit institution. (*See* ECF Nos. 120 at 4, 123.) The Court also had ordered a check in the amount of $101,151.35 to be made payable to Quintasia Walker Guardian Ad Litem ("Guardian") for the benefit of Deovante L. Guy to be deposited in a blocked account at a federally insured deposit institution. (*See* ECF Nos. 122 at 1, 123.)

On July 24, 2025, Plaintiff Deovonte L. Guy and Defendants Matthew Lorenzen and the City of San Diego submitted their Joint Motion. (ECF No. 124.) As Plaintiff's Guardian, Quintasia Walker is responsible for facilitating the aforementioned monetary transfers. (*Id.* at 2.) Though Ms. Walker had received and signed for a check in the amount of $4,681,603.09 issued by the City of San Diego on May 31, 2024, she has since been unable comply with the Court orders to deposit that money allegedly because she is currently incarcerated at the West Valley Detention Center in San Bernandino County. (*Id.* at 3.) Because she is incarcerated, Ms. Walker is also restricted from depositing the $101,151.35 check in a federally insured deposit institution. (*Id.* at 4.)

## LEGAL STANDARD AND ANALYSIS

A trial court can exercise its discretion to remove a guardian ad litem if the guardian ad litem has improperly represented the incompetent party. *Robbins v. Mscripts, LLC*, No. 23-CV-01381-LB, 2023 WL 4205773, at *4 (N.D. Cal. June 27, 2023). More specifically, the court may remove a guardian ad litem if she acts contrary to the best interests of the minor or incompetent plaintiff, has a conflict of interest with the minor or incompetent plaintiff, or demonstrates an inability or refusal to act. *See Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018). Having reviewed the Joint Motion (ECF No. 124), the Court agrees and finds that Quintasia Walker is physically restricted from making the court-ordered deposits due to her incarceration and should be removed as Plaintiff's Guardian. The Court also approves Parties' stipulated payment allocations. (*See* ECF Nos. 120, 122, 123, 124.)

**CONCLUSION**

For the foregoing reasons, Parties' Joint Motion for Order Redirecting the Issuance of Settlement Funds and Removing Quintasia Walker as Guardian Ad Litem of Deovante L. Guy (ECF No. 124) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 1, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

20cv2027